634 A.2d 187

**PICPA FOUNDATION FOR EDUCATION & RESEARCH, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, BOARD OF FINANCE AND REVENUE, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 7, 1992.

Decided Nov. 19, 1993.

68

John H. Enos, III, Harrisburg, for appellant.

Bart J. DeLuca, Deputy Atty. Gen., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADOKOS, CAPPY and MONTEMURO, JJ.

## *OPINION ANNOUNCING JUDGMENT OF COURT*

ZAPPALA, Justice.

In this direct appeal, we must review the judgment of the Commonwealth Court, 143 Pa.Cmwlth. 291, 598 A.2d 1078 sustaining the decision of the Board of Finance and Review which had denied the request of the PICPA Foundation for Education and Research for a refund of sales tax. Two issues

are presented by the Appellant. Initially, we must determine whether § 204(10) of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, 72 P.S. § 7204(10) (hereinafter referred to as "Tax Code"), requires "a nonprofit corporation engaged in educational activities to extend its services to the public at large." If we conclude that 7204(10) requires a "public benefit" we must decide whether Appellant's activities meet that standard.[1]

The Appellant, PICPA Foundation for Education & Research, is a Pennsylvania nonprofit corporation established for the purpose of encouraging education and research in accounting. In fulfilling this purpose, Appellant disseminates information on accounting, auditing, tax, credit and collections, financial management, planning and control systems, budgeting, asset management, personal and interpersonal development skills and hands-on computer training. Appellant also offers conferences on agribusiness, financial institutions, health care, local government, as well as other subjects. Appellant is not accredited as a college or university, trade school, vocational/technical school, or primary or secondary school, and does not own any permanent classrooms or school buildings. Instead, the Appellant rents facilities, such as hotel conference rooms, to conduct its seminars and group study programs. Notices of Appellant's seminars and study groups are sent to members of PICPA[2], which is a separate and distinct entity, other accounting and professional groups, and

1. Pursuant to § 270 of the Tax Code, the Department of Revenue promulgated a regulatory definition of the statutory term "nonprofit educational institution." That regulatory definition sets forth several criteria for determining whether an organization qualifies as a nonprofit educational institution. To qualify as a nonprofit organization, the organization must be: 1.) a permanent organization or an establishment created and existing by law or by public authority; 2.) operating without any pecuniary profit to any officer, member, or shareholder, except as reasonable compensation for services actually rendered; and 3.) for the purposes of educating the public. 61 Pa.Code § 32.1. In its opinion, Commonwealth Court determined that the Appellant met the first two criteria of the regulatory definition. Neither party disputes that conclusion. The remaining controversy relates to the third criterion.

2. PICPA is an acronym for Pennsylvania Institute of Certified Public Accountants.

advertised in the newspapers of general circulation. Approximately 38% of the attendees are not PICPA members. Finally, the parties stipulated that all seminars and study groups are open to the general public.

On May 17, 1984, Appellant purchased data processing forms for use consistent with the purposes for which Appellant was organized, at a cost of $4,255.44. Appellant was charged sales tax in the amount of $255.32 on that purchase. On August 8, 1984, Appellant filed a petition for refund with the Board of Appeals claiming a refund for the sales tax paid together with statutory interest.

After hearing, the Board of Appeals denied Appellant's request, finding that Appellant did not qualify as a "nonprofit educational institution" because any educational benefit to the general public was only incidental. This determination was sustained by the Board of Finance and Revenue and affirmed by Commonwealth Court. This direct appeal then followed.

Section 7204 of the Tax Code provides that sales tax shall not be imposed upon the following:

(10) The sale at retail to or use by (i) any charitable organization, volunteer firemen's organization or nonprofit educational institution, or (ii) a religious organization for religious purposes of tangible personal property or services: Provided, however, That the exclusion of this clause shall not apply with respect to any tangible personal property or services used in any unrelated trade or business carried on by such organization or institution or with respect to any materials, supplies and equipment used in the construction, reconstruction, remodeling, repairs and maintenance of any real estate, except materials and supplies when purchased by such organizations or institutions for routine maintenance and repairs.

In response to this provision and in accordance with § 7204 of the Tax Code, the Department of Revenue promulgated a regulation defining "nonprofit educational institution." In that regulation, the Department defines nonprofit educational institution as follows:

*Nonprofit educational institution*—a permanent organization or establishment which is created and which exists by law or by public authority *for the purpose of educating the public* without pecuniary profit to any officer, member or shareholder except as reasonable compensation for services actually rendered to the institution is a nonprofit educational institution. (Emphasis added.)

61 Pa.Code § 32.1. Both the Department and Commonwealth Court relied upon the highlighted portion of the regulation in determining that Appellant was not exempt from paying sales tax on this transaction. In contrast, the Appellant argues that the highlighted part of the regulation is not in conformity with the Tax Code; therefore, reliance upon such provision is misplaced. Appellant argues that § 7204 does not mandate "educating the public" as a requirement in order to be entitled to the benefit of the exemption.

■ Appellant is correct that a departmental regulation cannot exceed the scope of authority of the underlying statutory act. *Process Gas Consumers Group v. Pennsylvania Public Utility Commission,* 511 Pa. 88, 511 A.2d 1315 (1986). In fact, § 7204 so states:

The Department is hereby charged with the enforcement of the provisions of this Article, and is hereby authorized and empowered to prescribe, adopt, promulgate and enforce, rules and *regulations not inconsistent with the provisions of this Article* . . . (Emphasis added.)

72 P.S. § 7204. However, if the regulation is not inconsistent with the Tax Code, then Appellant's argument must fail.

In *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985), this Court held that to be considered exempt from the state sales tax under Section 204(10) of the Tax Code, an entity must be a "purely public charity" under Article VIII, Section 2(a)(v) of our Constitution. The analysis employed in *Hospital Utilization Project* was merely a reaffirmation of the long-held principle that to qualify for tax exemption an entity must be a "purely public charity."

■ Our Constitution empowers the legislature to exempt from taxation institutions of a purely public charitable nature. Pa. Const. Art. VIII, Section 2(a)(v). Section 204(10) of the Tax Code is an exercise of this authority. Since Section 1922(3) of the Statutory Construction Act, 1 Pa.C.S. § 1922(3), provides a presumption that the legislature does not intend to violate the Constitution, we must interpret Section 204(10) as exempting only those organizations which are a purely public charity. Furthermore, any regulation promulgated in further-ance of such a legislative enactment must encompass the requirement of a "purely public charity." Therefore, Section 204(10) and the appropriate regulation must be read in light of the constitutional mandate that only institutions which are purely public charities may be exempted from taxes.

*Hospital Utilization Project* sets forth five factors to be considered in determining whether an institution qualifies as a purely public charity. If an institution fails to meet any of these five factors, it does not qualify as a purely public charity and therefore legislation may not exempt it from taxation consistent with Article VIII, Section 2(a)(v).

Commonwealth Court properly analyzed this issue in *Bio-sciences Information Services v. Commonwealth*, 122 Pa. Cmwlth. 294, 551 A.2d 672 (1988), *aff'd per curiam*, 524 Pa. 132, 569 A.2d 927 (1990). BIOSIS had been denied an exemp-tion as a "charitable organization" under § 7204(10)(i) of the Tax Code. Although there was no question that BIOSIS was a nonprofit corporation, the Board of Finance and Revenue determined that BIOSIS did not fulfill the criterion of being a purely public charity and therefore was not entitled to the charitable exemption provided by § 7204 of the Tax Code.

Although § 7204(10)(i) of the Tax Code does not require a "charitable organization" to be for the public benefit, Com-monwealth Court implied such a requirement based upon our discussion of "charitable purposes" in *Hospital Utilization Project* and *Hill School Tax Exemption Case*, 370 Pa. 21, 87 A.2d 259 (1952). In *Hill*, this Court defined "charitable purpose" as follows:

The word "charitable" in a legal sense includes every gift for a general public use, to be applied, consistent with existing laws, for the benefit of an indefinite number of persons, and designed to benefit them from an educational, religious, moral, physical, or social standpoint. In its broadest meaning, it is understood "to refer to something done or given for the benefit of our fellows or of the public ..." *Id.* at 25, 87 A.2d at 262 [quoting *Taylor v. Hoag,* 273 Pa. 194, 196, 116 A. 826 (1922) ].

Relying on this Court's definition of "charitable purpose", Commonwealth Court had no problem in concluding that to qualify for the exemption under § 7204, BIOSIS's activities had to benefit the public in general and not a specific class of individuals. Since BIOSIS's services only indirectly benefitted the general public, its activities were not charitable in nature and therefore did not meet the requirements necessary to obtain tax exempt status.

■ The same analysis applies here. In order to be considered a purely public charity and therefore entitled to preferred tax status, a nonprofit organization must provide a valuable service provided to the public which the government would otherwise have to provide. *Y.M.C.A. of Germantown v. Philadelphia,* 323 Pa. 401, 187 A. 204 (1936). Furthermore, entities operating for profit avoid such services because of the lack of financial return.[3] It would be illogical to require charitable organizations to benefit the public at large yet simultaneously permit other organizations, such as volunteer fire and nonprofit educational institutions who only secondarily benefit the general public, to receive the favored tax status of exemption from sales tax. Nothing supports a finding that the General Assembly would have intended such a result. 1

3. In its brief, Appellant argues that "The C.P.A. Law" and the applicable regulations require continuing education; therefore, if a nonprofit organization like Appellant did not provide educational seminars to permit accountants to meet their state mandated educational credits, a governmental agency would have to fill the void. Therefore, the Appellant does provide a valuable service which would not otherwise be provided. Because this argument is so obviously meritless, no further comment is necessary.

Pa.C.S. § 1922(1). In order to qualify as a purely public charity, a nonprofit organization must relieve the government of some of its burden.

■ Having concluded that § 7204 of the Tax Code must require that a nonprofit educational institution benefit the general public in order to be constitutional, we must determine whether Appellant meets that requirement. Although Appellant's seminars and study groups are open to the public and in fact are advertised in several newspapers of general circulation, only 38% of the attendees are not PICPA members. Furthermore, the subject is of such a technical nature, it is clear that the courses are geared and intended to benefit individuals who have a professional or occupational interest in accounting subjects and not intended to benefit an indefinite number of people. As such, we agree with the Commonwealth Court's determination that the benefit bestowed upon the general public by Appellant's seminars and study groups is at most indirect. Therefore, the Appellant is not entitled to a tax refund under § 7204 of the Tax Code.

Judgment affirmed.

NIX, C.J., files a concurring opinion in which CAPPY and MONTEMURO, JJ., join.

NIX, Chief Justice, concurring.

I concur in the result reached by the Court in this case. However, I write separately to offer my analysis justifying that result.

In *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985), we addressed an exemption issue under the same section of the Tax Reform Code of 1971 ("Tax Code"), Section 204(10), as that involved in the instant case. The issue in *Hospital Utilization Project* ("HUP") differs only inconsequentially from the instant issue. *HUP* involved a question of whether the particular entity, Hospital Utilization Project, qualified as a "charitable organization" under Section 204(10) as defined by 61 Pa.Code § 32.1; the issue in this case is whether the particular entity, PICPA Foundation, qualifies

as a "nonprofit educational institution" under the same section of the Tax Code, Section 204(10) as defined by 61 Pa.Code § 32.1. The constitutional authority to exempt from taxation both charitable organizations and nonprofit educational institutions is granted to the legislature by Article VIII, section 2(a)(v) of the Pennsylvania Constitution of 1968 which provides:

> (a) The General Assembly may by law exempt from taxation:
>
> . . . .
>
> (v) Institutions of purely public charity. . . .

Thus, the threshold question in an exemption case involving either a charitable organization or a nonprofit educational institution is whether that entity is a purely public charity. In *HUP*, this Court unanimously held that "regardless whether [the entity in question] qualifies as a 'charitable organization' under Section 204, as defined by the Pennsylvania Code, 61 Pa.Code § 32.1, *it must first qualify under the Constitution as a 'purely public charity.'*" *HUP*, 507 Pa. at 13, 487 A.2d at 1312 (emphasis added) (citation omitted).

Because the entity in question in *HUP* did not qualify as a purely public charity, this Court did not reach the issue of whether the entity qualified as a charitable organization. In making the determination that the organization in question was not a "purely public charity" within Article VIII, section 2(a)(v) of the Constitution, the *HUP* Court drew upon cases which have interpreted that phrase over the years. The Court then set forth the parameters of such an entity, stating that an entity qualifies as a purely public charity if it:

(a) Advances a charitable purpose;

(b) Donates or renders gratuitously a substantial portion of its services;

(c) Benefits a substantial and indefinite class of persons who are legitimate subjects of charity;

(d) Relieves the government of some of its burden; and

(e) Operates entirely free from private profit motive.

*Id.* at 21–22, 487 A.2d at 1317.

The Opinion Announcing the Judgment of the Court acknowledges that Section 204(10) "must be read in light of the constitutional mandate that only institutions which are purely public charities may be exempted from taxes." Maj. Op. at 190. Despite this acknowledgment and the fact that the Pennsylvania Constitution clearly requires that an institution be a purely public charity before it can be exempt from taxation, the Opinion Announcing the Judgment of the Court fails to make this preliminary, constitutionally required finding in its resolution of the instant issue.[1] In addition, rather than applying the constitutional standard and analysis mandated in *HUP,* the Opinion Announcing the Judgment of the Court resolves the issue in this case by the circuitous route of the Commonwealth Court's decision in *Biosciences Information Service v. Commonwealth, Bd. of Fin. and Revenue,* 122

---

1. It is evident from the following excerpt from the Commonwealth's brief that the Commonwealth is laboring under an incorrect understanding of the law.

> At the outset, it is important to note that PICPA has *not* asked for a tax exemption as a charitable organization which is also found in Section 204(10) of the Tax Reform Code. There has, from time to time, existed questions as to whether the exemption for nonprofit educational institutions is independent of the exemption for charitable organizations. The Commonwealth throughout this appeal process and indeed historically has *not* held to the purely public charity standard defined in *Hospital Utilization Project v. Commonwealth,* 507 Pa. 1, 487 A.2d 1306 (1985), and subsequent cases when reviewing applicants for exemption as nonprofit educational institutions.

Brief for Appellee at 8 n. 1.

I refer the Commonwealth to the following cases, all of which apply the purely public charity standard to nonprofit educational institutions: *Vanguard School Tax Exemption Case,* 430 Pa. 378, 243 A.2d 323 (1968); *Hill School Tax Exemption Case,* 370 Pa. 21, 87 A.2d 259 (1952); *The Ogontz School Tax Exemption Case,* 361 Pa. 284, 65 A.2d 150 (1949); *Episcopal Academy v. Philadelphia,* 150 Pa. 565, 25 A. 55 (1892). The authority of the legislature to exempt these institutions from taxation, whether such exemption is a real property exemption pursuant to The General County Assessment Law, 72 P.S. § 5020-204, as it was in these cases, or a sales tax exemption pursuant to The Tax Reform Code of 1971, 72 P.S. § 7204(10), as in the instant case, is limited by the constitutional requirement that such entities be purely public charities.

Pa.Commw. 294, 551 A.2d 672 (1988), *aff'd*, 524 Pa. 132, 569 A.2d 927 (1990). The Opinion Announcing the Judgment of the Court says the Court in *Biosciences* "implied" that Section 204(10) of the Tax Code requires a public benefit. To the contrary, that decision expressly relied upon the constitutional standard of a purely public charity and the explication of that standard, as set forth in *HUP* in order to resolve the exemption issue, something which the Opinion Announcing the Judgment of the Court fails to do.

CAPPY and MONTEMURO, JJ., join in this concurring opinion.