888 A.2d 616

**CRAWFORD CENTRAL SCHOOL DISTRICT, Appellant**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 2005.

Decided Dec. 27, 2005.

Douglas Robert Roeder, Chambersburg, Paul S. Roeder, for Crawford Central School District.

Gerald J. Pappert, Philadelphia, PA, Bartholomew J. Deluca, Harrisburg, for Com.

Before CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN, BAER, JJ.

## OPINION

Justice EAKIN.

Appellant Crawford Central School District appeals the order of the Commonwealth Court affirming the order of the Board of Finance and Revenue, granting in part and denying in part its request for a refund of sales and use tax paid by contractors on personal property purchased or used during construction of a new school building.[1] We affirm in part, and reverse in part.

The District hired various contractors to build a new school. The contracts between the District and the contractors assigned the District the right to any refund of sales and use tax

---

[1] Pursuant to 42 Pa.C.S. § 723(b), any final order of the Commonwealth Court entered in any appeal from a decision of the Board of Finance and Revenue is appealable to this Court, as of right. *PPG Industries, Inc. v. Commonwealth, Board of Finance and Revenue*, 567 Pa. 580, 790 A.2d 261, 263 n. 1 (2001); *see also* Pa.R.A.P. 1101(a)(2).

paid by the contractors, and required the contractors to maintain records of purchases and payments, including sales and use tax paid. At the conclusion of the project, the contractors remitted sales and use tax to the Commonwealth in the amount of at least $36,697.44, based on their purchase or use of property used to build the new facility. The District then attempted to assert its assigned right to obtain a tax refund; it filed a petition, alleging the overpayment of sales and use tax with the Board of Appeals, Pennsylvania Department of Revenue. The Board of Appeals held a hearing and denied the petition in its entirety. The Board of Appeals found the District failed to prove it paid the relevant taxes, and, even if it did, many items were subject to tax when purchased by the contractors.

The District appealed to the Board of Finance and Revenue. The Board granted the District a partial refund of $10,621.08 on transactions involving electrical, air conditioning, and plumbing equipment. The Board concluded those items were building and machinery equipment transferred by a construction contractor to the Commonwealth or its instrumentalities or political subdivisions; Section 204 of the Tax Reform Code of 1971, *see* 72 P.S. § 7204(57)(ii), as amended July 1, 1998, provides a tax exemption for "[t]he sale at retail to or use by a construction contractor of building machinery and equipment and services thereto that are: ... (ii) transferred to ... the Commonwealth or its instrumentalities or political subdivisions...." *Id.* The Board, however, denied a refund for tax paid on other items, finding they were not "[b]uilding machinery and equipment" as defined by 72 P.S. § 7201(pp).

The District appealed to the Commonwealth Court. The parties stipulated that the District was entitled to a $10,621.08 refund for the tax on electrical, air conditioning, and plumbing equipment, and that the remaining items for which a refund was sought are not "[b]uilding machinery and equipment" as defined by 72 P.S. § 7201(pp). It was also stipulated that the contractors installed the disputed items in the new school building, but each item could be removed without damage to itself or to the real estate, and each item could be reused if

removed. It was agreed that the contracts were entered July 1, 1998, the same date Act 45 of 1998, which amended portions of the Tax Code, became effective. The parties also agreed that if the Commonwealth Court ruled in the District's favor, the District would receive an additional refund of $9,650.14 plus interest for tax paid; if the Commonwealth prevailed, the District would receive an additional refund of $467.02 plus interest.

The Commonwealth Court affirmed the Board's decision. *See Crawford Central School District v. Commonwealth*, 839 A.2d 1213 (Pa.Cmwlth.2004).[2] The District filed a direct appeal to this Court, arguing it is entitled to a refund on the remaining taxed items pursuant to 72 P.S. § 7204(12), because they are tangible personal property. The issue before us is whether a government entity, acting as an assignee of a contractor's rights, is exempt from sales and use tax on tangible personal property the contractor purchased and installed in the government entity's building. This issue in turn depends upon whether the contractors possessed a right to receive a refund of all sales and use tax; if the answer is yes, then the District is entitled to a refund as assignee.

 The scope of review of Board decisions is governed by Pa.R.A.P. 1551(a) and 1571(h). Since the facts are undisputed, we are left with a question of law. As with all questions of law, our standard of review is plenary. *PPG Industries*, at 266 (citing *Phillips v. A–Best Products Company*, 542 Pa. 124, 665 A.2d 1167 (1995)); *see also Citadel Development Company v. Board of Assessment Appeals of Erie County*, 574 Pa. 84, 828 A.2d 1057, 1061 (2003) (citing *Thornburgh v. Lewis*, 504 Pa. 206, 470 A.2d 952, 953 (1983)).

 An assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. *Legal Capital, LLC. v. Medical Professional Liability Catastrophe Loss Fund*, 561 Pa.

2. The District correctly notes the Commonwealth Court's order neglected to award it $467.02 plus interest.

336, 750 A.2d 299, 302 (2000). "Under the law of assignment, the assignee succeeds to no greater rights than those possessed by the assignor." *Employers Insurance of Wausau v. Commonwealth, Department of Transportation,* 581 Pa. 381, 865 A.2d 825, 830–31 (2005) (citing *Himes v. Cameron County Construction Corporation,* 497 Pa. 637, 444 A.2d 98, 100 (1982)). An assignee's rights, however, are not inferior to those of the assignor. *U.S. Steel Homes Credit Corporation v. South Shore Development Corporation,* 277 Pa.Super. 308, 419 A.2d 785, 789 (1980). Ultimately, an assignee stands in the shoes of the assignor. *Hedlund Manufacturing Company, Inc. v. Weiser, Stapler & Spivak,* 517 Pa. 522, 539 A.2d 357, 358 (1988). Privity is not an issue in cases involving assignment claims; an assignee does not pursue a cause of action in its own right. *Id.*

The Tax Code imposes a six percent tax on the *sale at retail* of tangible personal property, which the vendor collects from the purchaser. 72 P.S. § 7202. "Sale at retail" is defined as "[a]ny transfer, for a consideration, of the ownership, custody or possession of tangible personal property, including the grant of a license to use or consume whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected." *Id.,* § 7201(k)(1). "Sale at retail" does not include the transfer of personal property for the purpose of resale. *Id.,* § 7201(k)(8).

The Tax Code also imposes a six percent tax on the *use* within Pennsylvania of tangible personal property purchased at retail; the user pays the tax *unless* the sales tax has been paid under 72 P.S. § 7202(a). *Id.,* § 7202(b). "Use" is defined as:

(1) The exercise of any right or power incidental to the ownership, custody or possession of tangible personal property and shall include, but not be limited to transportation, storage or consumption.

\* \* \*

(17) The obtaining by a construction contractor of tangible personal property or services provided to tangible per-

sonal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred.

*Id.,* § 7201(*o*)(1), (17).

The Tax Code, however, provides for certain exemptions and exclusions from sales and use taxes. "Exemptions" are given for the tax paid on items that, though ordinarily subject to taxation, are excused from taxation because certain criteria have been met. *Adelphia House Partnership v. Commonwealth,* 709 A.2d 967, 969 n. 9 (Pa.Cmwlth.1998). "Exclusions" are given for tax paid on items not intended to be taxed in the first place. *Id.; see also Rossi v. Commonwealth,* 20 Pa.Cmwlth. 517, 342 A.2d 119, 122 (1975). Exclusions are to be strictly construed against the taxing body, *Adelphia House Partnership,* at 969 n. 9 (citing *Lancaster Laboratories, Inc. v. Commonwealth,* 158 Pa.Cmwlth. 165, 631 A.2d 739 (1993)), while exemptions are to be strictly construed against the taxpayer. *Citadel Development Company,* at 1061 (citing 1 Pa.C.S. § 1928(b)(5); *Lehigh Valley Cooperative Farmers v. Commonwealth, Bureau of Employment Security Department of Labor and Industry,* 498 Pa. 521, 447 A.2d 948, 950 (1982)).

Whether a tax provision is considered an "exemption" or an "exclusion" is not controlled by how it is characterized, but by its language and the effect of that language. *Adelphia House Partnership,* at 970. "Section 204 of the Tax Code is derived from and supplants the former Section 3403–203 of what was known as the Selective Sales and Use Tax Act of March 6, 1956, P.L. (1955–56) 1228, as amended 72 P.S. 3403–203 (Tax Act)." *Adelphia House Partnership,* at 970. Like 204, 203 of the predecessor Tax Act was entitled "Exclusions to tax"; the "exclusions," however, were generally interpreted as "exemptions" from taxation for items that would otherwise be considered "tangible personal property." *Adelphia House Partnership,* at 970; *see also Commonwealth v. Sitkin's Junk Co.,* 412 Pa. 132, 194 A.2d 199, 204 (1963) (predecessor Tax Act's "true exemptions" were contained in 203 of that Act). Courts have continually interpreted the modern 204 as con-

taining exemptions, not exclusions. *See Plum Borough School District v. Commonwealth,* 860 A.2d 1155, 1157–58 n. 4 (Pa. Cmwlth.2004); *Adelphia House Partnership,* at 970 (citing *American Airlines, Inc. v. Commonwealth,* 542 Pa. 1, 665 A.2d 417 (1995) (describing 72 P.S. 7204(29) as tax exemption for food and beverages sold for human consumption); *Magazine Publishers of America v. Commonwealth, Department of Revenue,* 539 Pa. 563, 654 A.2d 519 (1995) (describing 72 P.S. 7204(30) as tax exemption for newspapers); *PICPA Foundation for Education Research v. Commonwealth, Board of Finance and Revenue,* 535 Pa. 67, 634 A.2d 187 (1993) (describing 72 P.S. 7204(10) as tax exemption for charitable organizations that are purely public charities); *Haller v. Commonwealth,* 693 A.2d 266 (Pa.Cmwlth.1997) (describing 72 P.S. 7204(28) as sales tax exemption for religious articles, Bibles, and other religious publications); *but see Ernest Renda Contracting Co., Inc. v. Commonwealth,* 516 Pa. 325, 532 A.2d 416 (1987) (describing 72 P.S. 7201(*o*)(4) as public utility tax exclusion and 72 P.S. 7204(3) as exclusion for tangible personal property brought into Pennsylvania in connection with establishing permanent business where certain conditions are met)).

Section 204 of the Tax Code provides two relevant exemptions—not exclusions—from sales and use taxes:

(12) The sale at retail, or use by the United States, this Commonwealth or its instrumentalities or political subdivisions of tangible personal property or services.

\* \* \*

(57) The sale at retail to or use by a construction contractor of building machinery and equipment and services thereto that are:

(i) transferred pursuant to a construction contract for any charitable organization, volunteer fireman's organization, nonprofit educational institution or religious organization for religious purposes, provided that the building machinery and equipment and services there-

to are not used in any unrelated trade or business; [or]

(ii) transferred to the United States or the Commonwealth or its instrumentalities or political subdivisions . . . .

72 P.S. 7204(12), (57)(i)-(ii).

These provisions are exemptions because the sale at retail or use of tangible personal property or building machinery and equipment is normally within the subject of taxation. Because § 7204(12) and § 7204(57) excuse tax on such items in certain circumstances, they create exemptions and not exclusions from taxation, and must be strictly construed against the taxpayer.

The District argues it is entitled to the exemption under § 7204(12) since it is an instrumentality or political subdivision of the Commonwealth, and the transactions between it and the contractors were nontaxable resales of tangible personal property. However, the tax was not paid on a resale to the District, and the District is merely the assignee of the rights of the contractors. The question is whether the contractors, as assignors, met the tangible personal property exemption under § 7204(12). The contractors cannot be considered the United States, the Commonwealth of Pennsylvania, or its instrumentalities or political subdivisions. The District stands in the shoes of the assignors, but the assignors do not stand in the shoes of the assignee. The contractors therefore do not qualify for the exemption under § 7204(12), and the District cannot prevail under this section.

The District argues *Commonwealth v. Beck Electric Construction, Inc.,* 485 Pa. 604, 403 A.2d 553 (1979), controls because neither 72 P.S. § 7204(12) nor the definition of "sale at retail" was amended by Act 45 of April 23, 1998, codified at 72 P.S. §§ 7201, 7202, and 7204, which amended other portions of the Tax Code. The District argues the contractors purchased the tangible personal property at issue for resale to the District; thus, the District could claim a resale tax exemption.

In *Beck Electric Construction, Inc.,* the Commonwealth Department of General Services entered into electrical construction contracts with Beck Electric Construction, Inc., which sold equipment to the Commonwealth and installed that equipment in Commonwealth facilities. We concluded the use tax could not be imposed upon the sale to the Commonwealth and installation in certain Commonwealth facilities because the equipment could be easily removed and relocated without damage to itself or to the surrounding real estate. *Beck Electric Construction, Inc.,* at 557.

 Subsequent to *Beck Electric Construction, Inc.,* the General Assembly altered the definition of "use" to include instances when a construction contractor obtains "tangible personal property or services provided to tangible personal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred." 72 P.S. § 7201(*o*)(17). Under this language, the contractors here certainly did "use" the tangible personal property at issue. Thus, the contractors were properly taxed on that personal property used to construct the school building.

While it is true that Act 45 did not amend the definition of "sale at retail," it did add a tax exemption for the *"sale at retail* to or the use by a construction contractor of *building machinery and equipment ....." Id.,* § 7204(57) (emphasis added). Consequently, for the contractors, a *sales and use* tax exemption exists in § 7204, which clearly exempts from taxation only building machinery and equipment transferred to exempt entities. All parties agree the disputed items are not building machinery and equipment. The statutory language clearly excuses only tax on building machinery and equipment, and its transfer or use by the contractor. *Beck Electric Construction, Inc.* no longer controls in such instances because the statutory language is clear—an exemption does not exist when personal property is transferred to an exempt entity and is easily removable.

The District argues the inclusion of the new provisions in Act 45 did not alter the governmental exception provision at 72 P.S. § 7204(12); thus, it is still entitled to an additional refund under § 7204(12). Section 7204(12) remains in full effect; it provides sales and use tax exemptions for government entities. Section 7204(57) now specifically governs sales and use tax exemptions for construction contractors. The District would likely be eligible for a tax exemption under § 7204(12) if it directly paid sales and use taxes; however, it did not. It assumed the contractors' tax status as the contractors' assignee, which eliminated its ability to receive an additional refund under § 7204(12).

Ultimately, the contractors assigned to the District a nonexistent right to a refund. Allowing the District to gain a refund of sales and use tax the contractors paid would give the District a right greater than the contractors possessed. The District was assigned the contractors' right of reimbursement, nothing more or less; it cannot have a right to reimbursement of sales and use tax since the contractors do not have such a right.

The Commonwealth Court correctly determined, and we now hold, that the sales and use tax exemption for construction contractors is limited to building and machinery equipment transferred to the political subdivision; as the parties agree that the items in question do not fall within the statutory definition of building machinery and equipment, the District is not entitled to a refund of sales and use tax.[3]

Finally, this Court recognizes that an assignment will ordinarily be construed in accordance with the rules

---

3. A separate panel of the Commonwealth Court followed this same rationale in a similar case. In *Plum Borough School District, supra,* the court held a school district, as assignee of a construction contractor, was not entitled to a sales and use tax refund on personal property the construction contractor purchased and installed at an elementary school. *Id.,* at 1159. The court concluded the school district's right to a refund was no greater than the construction contractor who paid the sales and use tax; the school district could only receive a refund if a construction contractor could receive one. *Id.,* at 1156–57 n. 2 (citing *Crawford* ).

governing contract interpretation and the circumstances surrounding the execution of the assignment document. *Employers Insurance of Wausau v. Commonwealth, Department of Transportation,* 581 Pa. 381, 865 A.2d 825, 831 (2005) (citing *United States Nat. Bank in Johnstown v. Campbell et al.,* 354 Pa. 483, 47 A.2d 697 (1946)). The fundamental rule in interpreting a contract is to ascertain and give effect to the intent of the contracting parties. *Murphy v. Duquesne University of the Holy Ghost,* 565 Pa. 571, 777 A.2d 418, 429 (2001) (citing *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 302 A.2d 347, 351 (1973)). The intent of the parties to a written agreement is embodied in the writing itself. *Id.* (citing *Steuart v. McChesney,* 498 Pa. 45, 444 A.2d 659, 661 (1982)). Courts do not assume a contract's language was chosen carelessly, nor do they assume the parties were ignorant of the meaning of the language employed. *Id.* (citing *Steuart,* at 662 ). When contractual language is clear and unequivocal, its meaning must be determined by its contents alone. *Id.; see also Robert F. Felte, Inc.,* at 351. We may not modify the plain meaning of the contract under the guise of interpretation. *Little v. Little,* 441 Pa.Super. 185, 657 A.2d 12, 15 (1995).

The use of an assignment by the District and the contractors shows the intent that the District receive a refund for the sales and use tax the contractors paid. However, the assignment used could not reach that result. The District and the contractors might have reached their goal by some alternative means, but such is not the contract brought to us. We cannot alter the unambiguous terms of the assignment to effectuate the desired intent of the District and the contractors.

Order affirmed with the exception that Appellee is hereby ordered to pay Appellant $467.02 plus interest. Jurisdiction relinquished.

Chief Justice CAPPY, Justice CASTILLE and NIGRO, Justice NEWMAN and Justice SAYLOR join the opinion.

Justice BAER concurs in the result.