J-S19041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BAYVIEW LOAN SERVICING, LLC, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FARAH NAZ, | : | |
| | : | |
| Appellant | : | No. 2839 EDA 2014 |

Appeal from the Order entered on September 8, 2014
in the Court of Common Pleas of Lehigh County,
Civil Division, No. 2013-C-1002

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                  **FILED APRIL 29, 2015**

In this mortgage foreclosure action, Farah Naz ("Naz") appeals from the Order entering summary judgment against her and in favor of Bayview Loan Servicing, LLC ("Bayview"), and entering an *in rem* judgment against her in the amount of $239,858.91. We affirm.

In its Pa.R.A.P. 1925(a) Opinion, the trial court set forth the relevant factual and procedural history underlying this appeal as follows:

> On October 17, 2005, [Naz] executed and delivered to Equity One, Inc.[,] d/b/a Popular Financial Services ["Equity One"], an Adjustable Rate Note ["the Note"] in the amount of $153,750.00 for the premises located at 202 North 7th Street, Allentown, Lehigh County, Pennsylvania [hereinafter "the Property"]. The Mortgage was assigned to [Bayview] by way of an Assignment of Mortgage, recorded June 28, 2010 …. [Additionally, Equity One transferred the Note to Bayview.]
>
> On or about May 30, 2012, [Naz and Bayview] entered into an agreement [hereinafter "Loan Adjustment Agreement,"] whereby the unpaid principal balance on the Note was increased.

Th[e Loan Adjustment A]greement was attached and marked as Exhibit D to [Bayview's] Motion for Summary Judgment, and it includes [Naz's] signature on the last page.

[Bayview filed a] Complaint in Mortgage Foreclosure … on March 25, 2013[,] alleging default and seeking foreclosure based on payments and interest due August 1, 2011[,] and each month thereafter[,] being unpaid.

[Bayview] filed a Motion for Summary Judgment on June 25, 2014.  [Naz] filed a response on July 24, 2014.  …

In response to the [M]otion for [S]ummary [J]udgment, [Naz] asserted that on the signature page of the [Loan Adjustment A]greement[,] she is the only person to have signed it.[1]  …

After oral argument[,] on … September 8, 2014, the [trial c]ourt entered an [O]rder granting summary judgment[, and entering a judgment of $239,858.91 against Naz].  On October 3, 2014, [Naz timely filed] the instant appeal ….  [Naz timely] filed a [Pa.R.A.P. 1925(b)] Concise Statement on October 27, 2014.

Trial Court Opinion, 11/6/14, at 1-2 (unnumbered, footnote added).

On appeal, Naz presents the following issues for our review:

  I.  Whether or not the failure to plead the relevant facts concerning the [L]oan [Adjustment A]greement – unsigned by [Bayview] – requires the Motion for [S]ummary [J]udgment to be denied?

  II.  Whether or not the failure of [Bayview] to sign [the Loan Adjustment Agreement] defeat[s] privity between the parties?

  III.  Whether or not [Bayview] has standing to sue on a mortgage foreclosure when [Bayview] only becomes a party if it signed the Loan Adjustment Agreement …, and [Bayview] never signed the Loan [Adjustment Agreement]?

---

[1] It is undisputed that Naz was the only person/party to have signed the Loan Adjustment Agreement.

IV. Whether or not the trial court erred as a matter of law by holding that [Bayview] automatically had standing on an [E]quity [O]ne mortgage?

Brief for Appellant at 2 (capitalization omitted).

> [o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear:  the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.
>
> Summary judgment is appropriate only when the record clearly shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party.  Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Hovis v. Sunoco, Inc.*, 64 A.3d 1078, 1081 (Pa. Super. 2013) (citation omitted).

We will address Naz's four related issues simultaneously, as they all concern whether the Statute of Frauds was satisfied in this case (based upon the fact that Naz was the only party to have signed the Loan Adjustment Agreement), and whether there was an enforceable contract between the parties upon which Bayview could sue.

The Statute of Frauds, 33 P.S. § 1 *et seq.*, generally requires that interests in land may be granted, assigned or surrendered only by a writing.

> The Statute of Frauds is satisfied by the existence of a written memorandum signed by the party to be charged and sufficiently indicating the terms of the oral agreement so that

- 3 -

there is no serious possibility of consummating fraud by its enforcement. … The purpose of the Statute of Frauds is to prevent the enforcement of unfounded fraudulent claims by requiring that contracts pertaining to interests in real estate[, which includes mortgage agreements,] be supported by written evidence.

*Strausser v. Pramco, III*, 944 A.2d 761, 765 (Pa. Super. 2008) (citations omitted).

Naz asserts that the Statute of Frauds was not satisfied, arguing as follows:

[Bayview] attempted to put itself onto the share of Equity [concerning the Property,] but the Loan Adjustment Agreement was not signed by it. Without the signature of both sides of the agreement, there is no valid Loan Adjustment Agreement. If there is no valid Loan Adjustment Agreement, [Naz] cannot be sued for breaching it.

Brief for Appellant at 5. Relatedly, Naz claims that because Bayview did not have a representative sign the Loan Adjustment Agreement, there is no privity of contract between the parties. *Id.* at 5-6. Finally, Naz challenges Bayview's standing to sue, pointing out that Equity One, not Bayview, executed the initial mortgage agreement, and, according to Naz, Bayview failed to proffer sufficient evidence that Equity One had effectuated an enforceable assignment of the mortgage to Bayview. *Id.* at 6-7.

First, concerning the Statute of Frauds, we discern no violation because Naz signed the Loan Adjustment Agreement. It is of no moment for purposes of the Statute of Frauds that Bayview did not have a representative sign the Loan Adjustment Agreement, because Naz, the party

- 4 -

sought to be bound, signed the Agreement, thereby acknowledging its existence and its terms. *See Strausser, supra*; *see also Hessenthaler v. Farzin*, 564 A.2d 990, 994 (Pa. Super. 1989) (stating that "[a] writing required by the Statute of Frauds need only include an adequate description of the property, a recital of the consideration and *the signature of the party to be charged*." (emphasis added)). Additionally, Naz signed the Note, and Bayview, as Equity One's predecessor in interest, was the holder of the Note. *See Strausser*, 944 A.2d at 765 (stating that the Statute of Frauds can be satisfied by any combination of multiple documents that, taken together make out the necessary terms of the parties' agreement).

Additionally, there is no merit to Naz's challenge to Bayview's standing, as Equity One had assigned the mortgage to the Property to Bayview via an Assignment of Mortgage recorded on June 28, 2010. *See* Complaint, 3/25/13, Exhibit E (Assignment of Mortgage); *see also US Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa. Super. 2009) (observing that the assignment of a mortgage confers standing to the assignee, even in some cases, unlike the instant case, where the assignment was not recorded). Indeed, Naz concedes that Bayview attached the Assignment of Mortgage to its Complaint. Brief for Appellant at 6. Accordingly, it is clear that Bayview has standing.

Finally, by virtue of the Assignment of Mortgage, there is no merit to Naz's claim that Bayview failed to present sufficient evidence that there was

privity of contract between the parties. ***See Crawford Cent. Sch. Dist. v. Commonwealth***, 888 A.2d 616, 620 (Pa. 2005) (stating that where an assignment is effective, "an assignee stands in the shoes of the assignor. Privity is not an issue in cases involving assignment claims; an assignee does not pursue a cause of action in its own right." (citations omitted)). Moreover, Bayview was the holder of the Note. ***See*** 13 Pa.C.S.A. §§ 3205(b) and 3109(a) (collectively providing that when indorsed in blank, such as the Note here, an instrument becomes payable to the bearer and the bearer has the right to enforce the Note). Accordingly, none of Naz's issues on appeal entitle her to relief.

Because we discern no abuse of discretion or error of law by the trial court in granting Bayview's Motion for Summary Judgment, and entering judgment against Naz, we affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2015

- 6 -