**CRAWFORD CENTRAL SCHOOL DISTRICT, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2003.

Decided Jan. 2, 2004.

Douglas R. Roeder, Chambersburg and Paul S. Roeder, Harrisburg, for petitioner.

Bart J. DeLuca, Jr., Harrisburg, for respondent.

Before: COLINS, President Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

Crawford Central School District petitions for review of the order of the Board of Finance and Revenue granting in part and denying in part its request for refund of sales and use tax paid by contractors on property purchased or used by a contractor in the construction of a new school building.

In connection with the construction of a new school facility, Crawford Central hired contractors and subcontractors (collectively, contractors) that remitted sales and use tax to the Commonwealth. The contracts with the contractors contained provisions that assigned to Crawford Central the right to any refund of sales and use taxes paid by the contractors. The contracts required the contractors to maintain records showing the purchase of materials and payment of bills, including the sales and use taxes paid or charged, and to make those records available to Crawford Central.

At the conclusion of the construction project, Crawford Central reviewed the contractors' purchase and payment records and filed a refund petition with the Board of Appeals for the overpayment of sales and use tax on tangible personal property used in the construction project. With that refund petition Crawford Central submitted a detailed schedule of materials and equipment purchased pursuant to the construction contracts. The Board of Appeals denied the request for refund in its entirety.

On appeal, the Board of Finance and Revenue granted Crawford Central a partial refund of $10,621.08 on transactions involving electrical, air conditioning, and plumbing equipment after concluding that those items are exempt from taxation pursuant to Section 204(57)(ii) of the Tax Reform Code of 1971,[1] 72 P.S. § 7204(57)(ii), as building machinery and equipment transferred by a construction contractor to the Commonwealth or its instrumentalities or political subdivisions. It denied the refund on transactions involving the remaining items because they do not fall within the statutory definition of building machinery and equipment.

The parties agree that the disputed items [2] are not building machinery and equipment as defined by Section 201(pp) of the Code, 72 P.S. § 7201(pp). All of the items were installed by the construction contractors in the new school facility in such a manner that each can be removed without damage to itself or to the real estate and can be reused after removal. The parties also stipulated that with respect to a prior building project, which was commenced before July 1, 1998, the effective date of Act 45 of 1998, Crawford Central received a refund of $86,159.12 on

1. Act of March 4, 1971, P.L. 6, *as amended.*

2. At issue is a refund of tax paid on purchases to furnish and install drains, piping, fittings, valves, traps, hydrants, master control panel, sewer covers, acid waste system, steel plate, air receivers, tanks, faucets, toilets, cleanouts, accessory covers, water closets, urinals, lavatory supplies, grease interceptor, bowl wall mount and hangers, access covers, carrier, boilers, boiler fittings, hoods, aqua stat, regulatory, pumps, strainers, mop basin, struts, ducts and fittings, cleves, grilles, flange, gauges, fusetron, doors, window frames, trench frames and covers, TV mounting brackets, handrails and clips, dock bumpers, grates, fire extinguishers, wood chamfer, door cylinders, tracking, cement board, studs, angles, clips, panels, channels, ceiling tiles, ceiling grids, dryvit, runners, cross tees, fire shields, boxes, wiring, conduit, covers, receptacles, fire alarm system with parts and fixtures.

facts similar to those in the present case. With respect to the current building project, the contracts were entered into after July 1, 1998, and the project commenced on or around December 1, 1998. The parties agree that if the court finds in favor of Crawford Central, it is entitled to a refund of $9,650.14 and that if it finds in favor of the Commonwealth, Crawford Central is entitled to a refund of $467.02.

■ Section 202(a) of the Code imposes a six-percent tax on the sale at retail of tangible personal property; the tax is collected by the vendor from the purchaser. 72 P.S. § 7202(a). This section also imposes a six-percent tax on the use within the Commonwealth of tangible personal property purchased at retail; the tax is paid by the user unless the sales tax has been paid under subsection (a). 72 P.S. § 7202(b). "Sale at retail" is defined in pertinent part as "[a]ny transfer, for a consideration, of the ownership, custody or possession of tangible personal property, . . . whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected." Section 201(k), 72 P.S. § 7201(k). "Sale at retail" does not include the transfer of personal property for the purpose of resale. *Id.* "Use" is defined, in pertinent part, as

(1) The exercise of any right or power incidental to the ownership, custody or possession of tangible personal property and shall include, but not be limited to transportation, storage or consumption.

. . . .

(17) The obtaining by a construction contractor of tangible personal property or services provided to tangible personal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred.

Section 201(*o*)(1) and (17), 72 P.S. § 7201(*o*)(1) and (17). Act 45 of 1998[3] added subdivision (17).

Section 204 of the Code, Exclusions from tax, provides in pertinent part that the sales and use tax shall not be imposed on

(12) The sale at retail, or use by the United States, this Commonwealth or its instrumentalities or political subdivisions of tangible personal property or services.

. . . .

(57) The sale at retail to or use by a construction contractor of building machinery and equipment and services thereto that are:

(i) transferred pursuant to a construction contract for any charitable organization . . . provided that the building machinery and equipment and services thereto are not used in any unrelated trade or business; or

(ii) transferred to the United States or the Commonwealth or its instrumentalities or political subdivisions . . . .

72 P.S. § 7204(12) and (57).

■ On appeal,[4] Crawford Central frames the issue in this case as being whether the amendments made by Act 45 of 1998, which did not change the exclusionary language for governmental enti-

---

3. Act of April 23, 1998, P.L. 239, effective July 1, 1998.

4. Although an appeal of a decision of the Board of Finance and Revenue is brought in our appellate jurisdiction, our review is de novo. *Golden Eagle Construction Company v. Commonwealth,* 813 A.2d 13 (Pa.Cmwlth. 2002), *affirmed per curiam sub nom Golden Eagle Construction Company v. Bureau of Finance and Revenue,* — Pa. —, 834 A.2d 1103 (2003).

ties, eliminated the exclusion for items that remain personalty after installation. Citing *Commonwealth v. Beck Electric Construction, Inc.*, 485 Pa. 604, 403 A.2d 553 (1979), and *J.L. Turner Company v. Commonwealth*, 41 Pa.Cmwlth. 146, 399 A.2d 433 (1979), Crawford Central characterizes the transactions between itself and the contractors as nontaxable resales of tangible personal property, and based on its status of a political subdivision, it argues that it is entitled to a refund under Section 204(12), which excludes from taxation sales at retail to, or use by, the Commonwealth or its instrumentalities or political subdivisions of tangible personal property or services. 72 P.S. § 7204(12). The Commonwealth takes the position that no refund is due because the refund claim arises under Section 204(57), 72 P.S. § 7204(57).

▮ The parties agree that the contractors paid sales and/or use tax on the personal property incorporated into the new school facility pursuant to the applicable construction contracts. Crawford Central's right to petition for a refund of sales and use tax paid was acquired by assignment from the contractors. An assignee stands in the shoes of the assignor and assumes the rights of the assignor; the assignee succeeds to no greater rights than those possessed by the assignor. *Horbal v. Moxham National Bank*, 548 Pa. 394, 697 A.2d 577 (1997); *Pentlong Corporation v. GLS Capital, Inc.*, 780 A.2d 734 (Pa.Cmwlth.2001), *affirmed in part and reversed in part and remanded*, 573 Pa. 34, 820 A.2d 1240 (2003). Crawford Central's right to a refund is no greater than the rights of the contractors who paid the sales and use tax. Because the sales and use tax exclusion for construction contractors is limited to building machinery and equipment transferred to the political subdivision, and because the parties agree that the items in question do not fall within

the statutory definition of building machinery and equipment, Crawford Central is not entitled to a refund of sales and use tax paid in connection these items.

The facts of this case are distinguishable from those in *Beck* and *J.L. Turner*. In *Beck*, the Commonwealth Department of General Services entered into electrical construction contracts with Beck, which sold the electrical equipment to the Commonwealth and installed it in Commonwealth facilities. The Court held that use tax could not be imposed on the electrical construction contractor's sale and installation of equipment that could be easily removed and relocated. *J.L. Turner* involved a resale of reels, pumps, hoses, and grease guns by a plumbing and heating contractor to a school district, and we held that the contractor was entitled to a refund of use tax because the items remained personalty and were therefore excluded from the definition of use as it read in 1979.

In the present case, Crawford Central would be entitled to the sales and use tax exclusion on the tangible personal property pursuant to Section 204(12), of the Code, 72 P.S. § 7204(12) had it acquired the property directly, but for whatever reason, it structured its transactions such that it acquired by assignment the rights of the construction contractors to a refund, which right is limited by the terms of Section 204(57), 72 P.S. § 7204(57), which excludes only building machinery and equipment transferred to a political subdivision. We reject Crawford Central's arguments as being completely without merit.

Accordingly, we affirm the Board of Finance and Revenue.

### ORDER

AND NOW, this 2nd day of January 2004, the order of the Board of Finance and Revenue is affirmed, and unless excep-

tions are filed within 30 days pursuant to Pa. R.A.P. 1571(i), the Chief Clerk shall enter judgment in favor of the Commonwealth.