**PLUM BOROUGH SCHOOL DISTRICT, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2004.

Decided Oct. 29, 2004.

**1156**

Philip E. Cook, Jr., Pittsburgh, for petitioner.

Bart J. DeLuca, Jr., Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge PELLEGRINI.

Plum Borough School District (School District), acting as assignee of the rights of Thomas DiDiano & Sons, Inc. (DiDiano), appeals from an order of the Board of Finance and Review sustaining the Board of Appeals decision denying the School District's request for a refund in sales tax paid in error by DiDiano, its contractor for property furnished and installed at the Center Elementary School.

■ The parties have stipulated that DiDiano, carrying out its contract with the School District, hired various subcontractors who furnished and installed various items as well as purchased from various vendors items it needed to complete the project on which sales tax was paid.[1] Maintaining that DiDiano paid sales tax in error on non-taxable purchases of tangible personal property to its vendors and on subcontracted purchases and the erection of fabricated steel, which represent construction activities, to its subcontractors, and claiming that DiDiano passed these improperly paid taxes to the School District, an exempt organization, through an assignment of rights entered into by the parties, the School District filed a timely petition to the Board of Appeals[2] request-

---

1. While initially, the amount involved was much larger, over the course of the litigation the parties have narrowed their differences so that all that remains in controversy is the School District's refund claim of $4,949.83 involving contracts to furnish and install interior window mini-blinds and roll-up shades; cubical curtains and tracks; fire extinguishers and cabinets; entrance mats and frames; a portable stage and platform system; and toilet accessories.

2. DiDiano assigned any right to a sales and use tax refund to the School District. Because the School District's right to petition

ing a refund in sales and use taxes. In support of its argument, the School District submitted into evidence a schedule of contested transactions, copies of applicable invoices from DiDiano's venders showing charges for sales tax on the contested property, and a copy of an application and certificate for payment for the contract between DiDiano and the School District which failed to specify the date on which the contract was entered. Finding that the School District had not submitted any documentation establishing its entitlement to the requested refund, the Board of Appeals denied the refund and the Board of Finance and Revenue sustained the decision in its entirety, finding that the School District failed to meet its burden of proof. This appeal followed.[3]

If the School District was not a tax-exempt entity, it is clear that no refund would be due because the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004, would impose either a sales or use tax on the transaction. Section 202(a) of the Code imposes a six-percent tax on the **sale** at retail of tangible personal property; the tax is collected by the vendor from the purchaser. 72 P.S. § 7202(a). "Sale at retail" is defined, in pertinent part, as "any transfer, for a consideration, of the ownership, custody or possession of tangible personal property, ... whether such transfer be absolute or conditional and by whatso-

ever means the same shall have been effected." Section 201(k) of the Code, 72 P.S. § 7201(k). "Sale at retail" does not include the transfer of personal property for the purpose of resale. *Id.*

This section also imposes a six-percent tax on the **use** within the Commonwealth of tangible personal property purchased at retail; the tax is paid by the user unless the sales tax has been paid under Section 202(a). 72 P.S. § 7202(b). "Use" is defined, in pertinent part, as:

(1) The exercise of any right or power incidental to the ownership, custody or possession of tangible personal property and shall include, but not be limited to transportation, storage or consumption.

\* \* \*

(17) The obtaining by a construction contractor of tangible personal property or services provided to tangible personal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred.

Sections 201(*o*)(1) and (17) of the Code, 72 P.S. §§ 7201(*o*)(1) and (17). Subsection (*o*)(17) was added by Section 1 of the Act of April 23, 1998, P.L. 239, No. 45 (Act 45).

However, Section 204 of the Code, 72 P.S. § 7204, provides for exemptions[4] from sales and use taxes for, among other things:

---

for a refund of sales and use tax paid was acquired by assignment from DiDiano, as an assignee, the School District's right to a refund is no greater than the rights of DiDiano who paid the sales and use tax. *Crawford Central School District v. Commonwealth of Pennsylvania,* 839 A.2d 1213 (Pa.Cmwlth. 2004). In this case, that means that the School District can only receive a refund if a construction contractor could receive one.

3. Appeals to this Court from Board decisions are heard *de novo* based on the record created

before this Court or on stipulated facts. Pa. R.A.P. No. 1571(h); *Exton Plaza Associates v. Commonwealth of Pennsylvania,* 763 A.2d 521 (Pa.Cmwlth.2000). Additionally, tax statutes must be strictly construed against the Commonwealth, and any reasonable doubts as to its application to a particular case must be resolved in favor of the taxpayer. 1 Pa.C.S. § 1928(b)(3).

4. We note that the title of Section 204 denominates its contents as "exclusions from tax" and not "exemptions from tax." Exemptions

(12) The sale at retail, or use by the United States, this Commonwealth or its instrumentalities or political subdivisions of tangible personal property or services.

\* \* \*

(57) The sale at retail to or use by a **construction contractor** of **building machinery and equipment** and services thereto that are:

(i) transferred pursuant to a **construction contract** for any charitable organization ... provided that the **building machinery and equipment** and services thereto are not used in any unrelated trade or business; or

(ii) transferred to the United States or the Commonwealth or its instrumentalities or political subdivisions.... (Emphasis added.)

are items which are within the scope of the general language of the statute imposing the tax, *Commonwealth v. Sitkin's Junk Company*, 412 Pa. 132, 194 A.2d 199 (1963), while "exclusions are items which were not intended to be taxed in the first place." *Rossi v. Commonwealth of Pennsylvania*, 20 Pa.Cmwlth. 517, 342 A.2d 119, 122 (1975). The legal effect of that distinction is that exemptions are to be strictly construed against the taxpayer; exclusions are to be construed against the taxing body. *Equitable Gas Co. v. Commonwealth of Pennsylvania*, 18 Pa.Cmwlth. 418, 335 A.2d 892, *affirmed*, 464 Pa. 541, 347 A.2d 674 (1975). However, "Whether a taxing provision is an 'exemption' ... or an 'exclusion' ... is not controlled by what it is called, but by its language and the effect of that language." *Adelphia House Partnership v. Commonwealth of Pennsylvania*, 709 A.2d 967, 970 (Pa.Cmwlth.1998). The current Section 204 of the Tax Code is derived from and supplants the former Section 203 of what was known as the Selective Sales and Use Tax Act, Act of March 6, 1956, P.L. (1955–56) 1228, *as amended*, formerly 72 P.S. § 3403–203 (Tax Act). Although, like Section 204, Section 203 of the predecessor Tax Act was entitled "Exclusions to tax," these "exclusions" were generally interpreted to constitute "exemptions"

72 P.S. § 7204(12)(57). A "construction contractor" is "a person who performs an activity pursuant to a construction contract, including a subcontractor." 72 P.S. § 7201(oo). A "construction contract" is defined as a "written or oral contract or agreement for the construction, reconstruction, remodeling, renovation or repair of any real estate structure." [5] 72 P.S. § 7201(nn). A "real estate structure" includes:

> **building machinery and equipment,** [6] developed of undeveloped land, streets, roads, highways, parking lots, stadiums and stadium seating, recreational courts, sidewalks, foundations, structural supports, walls, floors, ceilings, roofs, doors, canopies, millwork, elevators, windows and window coverings, outdoor advertising boards or signs, airport runways, bridges, dams, dikes, traffic control devices including traffic signs, satellite

from taxation for items that would otherwise be considered "tangible personal property." *Adelphia*. Moreover, Section 204 of the Code, 72 P.S. § 7204, has also been consistently interpreted as setting forth exemptions to taxation. *See Adelphia*, 709 A.2d at 970. Additionally, specific to this case, the sale at retail or use of building machinery and equipment is normally within the scope of the general language of the tax code imposing the tax. It is not subject to sales tax *only when* it is sold or used by a construction contractor and the building and machinery has been transferred to one of the specified exempt entities. Because Section 204(57) creates an exemption and not an exclusion from taxation, that section must be strictly construed against the School District.

**5.** The Act of June 29, 2002, P.L. 559, No. 89, amended the definition of "construction contract" and "real estate structure" found in Act 45. Because the Act 89 amendment occurred after the date of the contract between the School District and DiDiano (March 13, 1999), the language of Act 45 controls.

**6.** "Building machinery and equipment" is defined at 72 P.S. § 7201(pp).

dishes, antennas, guardrail posts, pipes, fittings, pipe supports and hangers, valves, underground tanks, wire, conduit, receptacle and junction boxes, insulation, ductwork and coverings thereof and any structure similar to any of the foregoing, whether or not the item constitutes a fixture or is affixed to the real estate or whether or not damage would be done to the item or its surroundings upon removal. (Emphasis added.)

72 P.S. § 7201(qq).

The School District argues that DiDiano is entitled to a refund because DiDiano was exempt from paying taxes on its purchase and use of the property at issue since the property fell outside of the definition of "real estate structure." It argues that the exemption from tax provided in Section 204(57) of the Code, 72 P.S. § 7204(57), requires that property be included within the definition of "real estate structure" in order to be "used" pursuant to a "construction contract." It argues that because the property upon which it claims a refund is not specifically defined as a "real estate structure" or included in the definition of "building machinery and equipment," it somehow falls through the statutory cracks and should be subject to the realty-personalty test [7] enumerated in *Commonwealth v. Beck Electric Construction, Inc.*, 32 Pa.Cmwlth. 229, 379 A.2d 626 (1977), *affirmed in part, reversed in part*, 485 Pa. 604, 403 A.2d 553 (1979).

■ However, the only sales and use tax exclusion for construction contractors is limited to building machinery and equip-

ment transferred to a political subdivision. 72 P.S. § 7204(57). When an exemption does not apply, there is no statutory crack to fall through because all other property used by the construction contractor not subject to the exemption is, by default, taxable. Moreover, to accept the School District's argument that property upon which a refund is claimed does not constitute real estate structure would mean that there is no construction contract because, by definition, a construction contract must involve work on a real estate structure. That, in turn, would mean that DiDiano is not a construction contractor and was not working pursuant to a construction contract. Because the exemption listed at Section 204(57) of the Code is only available to a construction contractor, DiDiano and the School District would not be entitled to a refund of the taxes DiDiano paid. In any event, because the sales and use tax exemption for construction contractors is limited to building machinery and equipment transferred to the political subdivision, and because the parties agree that the items in question do not fall within the statutory definition of "building machinery and equipment," the School District, standing in the shoes of DiDiano, is not entitled to a refund of sales and use tax paid in connection with these items. *Crawford.*

■ Not only is the School District not entitled to an exemption under Section 204(57) of the Code, but it is also not entitled to the sales or use tax exemption for resale because it resold the property to an exempt entity. The definition of "use"

---

7. The realty-personalty test enumerated in *Beck Electric* allowed a construction contractor to claim a resale tax exemption for property it purchased and installed in such a manner so that the property was easily removable without damage to itself or to the surrounding real estate. The taxability of the property in question depended upon the method of installation and not upon the property itself: if the property was easily removable and did not cause damage to itself or to the surrounding real estate, the property remained tangible personal property; if it was attached to the real estate in a way in which its removal would cause damage to either the real estate or the property, the property was considered to become part of the real estate. *See Beck Electric.*

found in Section 201(*o*)(17) of the Code, 72 P.S. § 7201(*o*)(17), which was added by Act 45 in 1998, provides that the term "use" includes obtaining by construction contractors tangible personal property or services which would be used pursuant to a construction contract, whether or not the tangible personal property is transferred. Accordingly, because under Section 202(a) of the Code the tax is imposed on "use" of the property, a construction contractor who contracts with an exempt entity such as the School District is now liable for tax on all property the contractor purchases unless the property constitutes building machinery and equipment. Reading Section 201(*o*)(17) of the Code together with Section 204(57) of the Code, a construction contractor may only claim an exemption for building machinery and equipment, and a Section 204(12) exemption is no longer available.[8]

Because a construction contractor who contracts with an exempt entity is liable for tax on all property it purchases unless the property constitutes building machinery and equipment, and the parties agree that the property at issue does not constitute building machinery and equipment, the School District is not entitled to the sales or use tax exemption for resale or to the exemption under Section 204(57) of the Code.

Accordingly, the decision of the Board is affirmed.

---

***ORDER***

AND NOW, this *29th* day of *October*, 2004, the order of the Board of Finance and Review at No. 0026378, mailed November 16, 2001, is affirmed. Unless exceptions are filed within thirty (30) days in accordance with the provisions of Pa. R.A.P. 1571(i), this order shall become final.

---

8. The School District also argues that because the Department of Revenue has failed to repeal regulations found at 61 Pa.Code § 31.11 (commonly referred to as Regulation 150) and has issued one letter ruling which may be contrary to the Commonwealth's position in this case, a uniformity issue exists. However this argument fails because Act 45 applies only to construction contracts with exempt entities; Regulation 150, which establishes a method of attachment test, continues to govern taxability of property in construction contracts with non-exempt entities. In addition, a conflicting decision by the Board on an identical issue does not estop the Board from adjudicating the issue correctly, nor does it violate the Uniformity Clause of the Pennsylvania Constitution or the Equal Protection Clause of the United States Constitution. *See Glen Johnston v. Commonwealth of Pennsylvania,* 712 A.2d 817 (Pa.Cmwlth.1998), *affirmed,* 556 Pa. 22, 726 A.2d 384 (1999).