**KINSLEY CONSTRUCTION, INC., Petitioner**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2005.

Decided Jan. 9, 2006.

Publication Ordered March 16, 2006.

Douglas R. Roeder, Harrisburg, for petitioner.

Bart J. DeLuca, Jr., Sr. Deputy Attorney General, Harrisburg, for respondent.

BEFORE: FRIEDMAN, Judge, and LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Kinsley Construction, Inc. (Petitioner) is a Pennsylvania corporation engaged in business as a commercial contractor. Kinsley does a significant amount of business involving the sale of pre-cast sound barrier panels. This appeal involves pre-cast sound barrier panels and steel I-beams used to hold the panels in place which were sold to the Commonwealth of Pennsylvania (Commonwealth). The sales by Petitioner to the Commonwealth were

made pursuant to three contracts between the parties. The contracts specified the work to be done and the physical characteristics required of the sound barriers that were sold.

The sound barrier panels at issue are pre-made concrete slabs that are five inches thick. The panels vary in size from approximately four to sixteen feet in height and they are approximately eleven feet wide. The steel I-beams at issue in this case are approximately twenty-three feet high and generally have a base of either twenty inches by sixteen inches or a base of eighteen inches by eighteen inches. The I-beams are held in place by being bolted to the roadbed and can be removed by being unbolted and lifted out of position with a crane. The sound barrier panels are only held in place by friction and their own weight and can be lifted out with a crane.

■ Petitioner paid sales and use tax on the sound barriers in the amount of $70,429.39 and sales and use tax on the I-beams in the amount of $61,448.84. After timely appeals were filed and heard, both the Board of Appeals and the Board of Finance and Revenue denied Kinsley's request for a refund of the tax paid on the pre-cast sound barrier panels and the I-beams used to hold them in place. The Board of Finance and Revenue's decision concluded that the sound barriers "do not fit within any of the categories of building, machinery and equipment. Consequently, as the exemption only applies to purchases of building machinery and equipment, the panels are considered to be a real estate structure and subject to tax." Accordingly, the Board of Finance and Revenue

denied Petitioner the refund. Petitioner now appeals to this Court.[1]

Section 202(a) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7202(a), imposes a six-percent tax on the sale at retail of tangible personal property. The tax is collected by the vendor from the purchaser. "Sale at retail" is defined, in pertinent part, as "any transfer, for consideration, of the ownership, custody or possession of tangible personal property, ... whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected." Section 201(k) of the Code, 72 P.S. § 7201(k). "Sale at retail" does not include the transfer of personal property for the purpose of resale. *Id.*

This section also imposes a six-percent tax on the use within the Commonwealth of tangible personal property purchased at retail; the tax is paid by the user unless the sales tax has been paid under Section 202(a). "Use" is defined, in pertinent part, as:

(1) The exercise of any right or power incidental to the ownership, custody or possession of tangible personal property and shall include, but not be limited to transportation, storage or consumption.

. . .

(17) The obtaining by a construction contractor of tangible personal property or services provided to tangible personal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred.

Section 201(*o*)(1) and (17) of the Code, 72 P.S. § 7201(*o*)(1) and (17). Subsection (*o*)(17) was added by Section 1 of the Act of April 23, 1998, P.L. 239, No. 45 (Act 45).

---

1. In appeals from decisions of the Board, we have the broadest scope of review because the Commonwealth Court functions as a trial court, even though such cases as heard in our appellate jurisdiction. *Shawnee Development, Inc. v. Commonwealth of Pennsylvania,* 764 A.2d 659 (Pa.Cmwlth.2000), *affirmed,* 572 Pa. 665, 819 A.2d 528 (2003).

However, Section 204 of the Code, 72 P.S. § 7204, provides for exemptions from sales and use taxes for, among other things:

(12) The sale at retail to, or use by the United States, this Commonwealth or its instrumentalities or political subdivisions of tangible personal property or services.

. . .

(57) The sale at retail to or use by a construction contractor of building machinery and equipment and services thereto that are:

(i) transferred pursuant to a construction contract for any charitable organization . . . provided that the building machinery and equipment and services thereto are not used in any unrelated trade or business; or

(ii) transferred to the United States or the Commonwealth or its instrumentalities or political subdivisions. . . .

72 P.S. §§ 7204(12) and (57). A "construction contractor" is a "person who performs an activity pursuant to a construction contract, including a subcontractor." Section 201(*oo*) of the Code, 72 P.S. § 7201(*oo*). A "construction contract" is defined as a "written or oral contract agreement for the construction, reconstruction, remodeling, renovation or repair of any real estate structure." A "real estate structure" includes:

building machinery and equipment; developed or undeveloped land; streets; roads; highways; . . . traffic control devices; . . . guardrail posts; . . . and any structure or item similar to any of the foregoing, whether or not the structure or item constitutes a fixture or is affixed to the real estate or whether or not damage would be done to the structure or item or its surroundings upon removal.

Section 201(qq) of the Code, 72 P.S. § 7201(qq).

Section 201(pp) of the Code, 72 P.S. § 7201(pp), defines "Building machinery and equipment" as:

Generation equipment, storage equipment, conditioning equipment, distribution equipment, which shall be limited to the following:

. . .

The term shall include . . . traffic signals, . . . guardrails, medial devices . . . whether or not the item constitutes a fixture or is otherwise affixed to the real estate whether or not damage would be done to the item or its surroundings upon removal or whether or not the item is physically located within a real estate structure. The term 'building machinery and equipment' shall not include guardrail posts. . . .

Citing *Commonwealth v. Beck Electric Construction, Inc.*, 485 Pa. 604, 403 A.2d 553 (1979), Petitioner asserts that the sound barrier panels and I-beams at issue remained personalty after their installation and are, therefore, exempt from sales and use tax pursuant to Section 204(12) of the Code. In essence, *Beck* enumerated a realty-personalty test which allowed a construction contractor to claim a resale exemption for property it purchased and installed in such a manner that the property was easily removable without damage to itself or to the surrounding real estate. The taxability of the property at issue depended on the method of installation and not on the property itself. Discussing *Beck's* realty-personalty test, this Court has interpreted it as follows: "[I]f [the property]was attached to the real estate in a way in which its removal would cause damage to either the real estate or the property, the property was considered part of the real estate." *Plum Borough*

*School District v. Commonwealth,* 860 A.2d 1155, 1159 (Pa.Cmwlth.2004).

■ Here, Petitioner asserts that the sound barriers and I-beams, like the items at issue in *Beck,* are easily "disassociated" from the real estate, are not a permanent part of the real estate and are therefore not subject to tax pursuant to Section 204(12) of the Code. We do not agree.

In 1998, the General Assembly passed Act 45, thereby changing the way in which sales and use tax was to be applied to construction contracts with tax-exempt entities like the Commonwealth. Act 45 amended the definition of "use" found at Section 201(*o*), by including Section 201(*o*)(17) which states:

> The obtaining by a construction contractor of tangible personal property or services provided to tangible personal property which will be used pursuant to a construction contract whether or not the tangible personal property or services are transferred.

The only exemption from sales and use tax provided to construction contractors by Act 45 is found at Section 204(57). Section 204(57) of the Code provides for exemptions from sales and use taxes for, among other things:

> (57) The sale at retail to or use by a construction contractor of building machinery and equipment and services thereto that are:
> (i) transferred pursuant to a construction contract for any charitable organization ... provided that the building machinery and equipment and services thereto are not used in any unrelated trade or business; or
> (ii) transferred to the United States or the Commonwealth or its instrumentalities or political subdivisions....

In both *Crawford Central School District v. Commonwealth,* 839 A.2d 1213 (Pa.

Cmwlth.2004) and *Plum Borough,* this Court recognized that the sales and use tax exclusion for construction contractors is now limited to building machinery and equipment as set forth in Section 204(57) of the Code and, further, that the Section 204(12) exemption is no longer available to construction contractors like Petitioner. Thus, we must reject this portion of Petitioner's argument.

■ In the alternative, Petitioner asserts that the sound barriers and I-beams constitute building machinery and equipment and are thus exempt from sales and use tax pursuant to Sections 204(57) and 201(pp) of the Code.

This Court's most recent discussion of the term "building machinery and equipment" as it is set forth in the Code, was in the case of *Plum Borough.* In that case, the school district, as assignee of the rights of the contractor, appealed from an order of the Board sustaining a decision of the Board of Appeals, denying the school district's request for a refund of sales tax mistakenly paid by the contractor for property furnished and installed in a school.

Standing in the shoes of the contractor, the school district argued that the contractor was exempt from paying taxes on its purchase and use of the property at issue because the property was not included in the definition of "real estate structure." It argued that the exemption from tax set forth in Section 204(57) of the Code required the property to be included within the definition of "real estate structure" in order to be "used" pursuant to a "construction contract." It argued that because the property upon which it was seeking a refund was not specifically defined as "building machinery and equipment," it should be subject to the realty-personalty test set forth in *Beck Electric.*

The *Plum Borough* court rejected this argument, holding that the only sales and use tax exclusion for construction contractors was limited to building machinery and equipment transferred to the United States, the Commonwealth or its political subdivisions. The Court then specifically stated, "When an exemption does not apply, there is no statutory crack to fall through because all other property used by the construction contractor not subject to the exemption is, by default, taxable." *Plum Borough*, 860 A.2d at 1159. Because the parties in *Plum Borough* agreed that the items in question did not fall within the statutory definition of "building machinery and equipment," the Court concluded that the school district was not entitled to a refund of sales and use tax paid in connection with these items.

In light of our holding in *Plum Borough*, we must reject Petitioner's argument that the sound barriers and I-beams at issue constitute building machinery and equipment. The language of Section 201(pp) is clear and unambiguous. We are constrained to agree with the Commonwealth that, had the legislature intended sound barriers to be considered building machinery and equipment, they would have been included in the lengthy definition. Because sound barriers are not subject to the building machinery and equipment exemption, they are, by default, taxable. *See Plum Borough*.

Further, the perceived similarity between median barriers/guardrails and sound barriers does not influence our opinion. As the Commonwealth noted in its brief, nothing in the record supports Petitioner's allegations and, additionally, sound barriers perform an entirely different function than median barriers.

Accordingly, the order of the Board of Finance and Revenue is affirmed.

## ORDER

AND NOW, this 9th day of January, 2006, the order of the Board of Finance and Revenue is affirmed. Unless exceptions are filed within thirty (30) days in accordance with the provisions of Pa. R.A.P. 1571(i), this order shall become final.