IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Montgomery,          :
          Petitioner      :
            :
   v.             :   No. 336 F.R. 2020
            :
Commonwealth of Pennsylvania,   :
          Respondent   :   Argued:  February 7, 2024

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOLF               FILED:  April 23, 2024

Before the Court is Jennifer Montgomery's (Montgomery) Petition for Review of the Board of Finance and Revenue's (Board) decision denying Montgomery's petitions for refund (refund petitions) of sales tax paid on purchases of two bottles of Perrier non-flavored mineral water (hereinafter, "Perrier"). Concluding that Perrier is subject to sales tax pursuant to the Tax Reform Code of 1971 (Tax Reform Code or Code),[1] the Court affirms the Board's decision.

## Background

The parties stipulated to the following facts. On June 1, 2019, and June 14, 2019, respectively, Montgomery purchased a single 16-ounce bottle of Perrier from

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004.

Sheetz, Inc. (Sheetz).[2]  Joint Stipulation of Agreed Upon and Disputed Facts (Joint Stipulation) ¶¶ 5, 7. For these purchases, Sheetz collected and remitted a total of 24 cents in sales tax.  *Id.* ¶¶ 6, 8, 12. Thereafter, Montgomery filed two refund petitions with the Pennsylvania Department of Revenue Board of Appeals (Department) seeking a 24-cent refund based upon her belief that Perrier is natural mineral water and not subject to sales tax under the Tax Reform Code. *Id.* ¶ 12. Montgomery also initiated a class action complaint against Sheetz in the Court of Common Pleas of Allegheny County alleging the same.[3]  *Id.* ¶ 9.

On October 31, 2019, the Department issued a decision and order denying Montgomery's refund petitions.  *Id.*, Exhibit C.  The Department concluded that Perrier is carbonated water and, thus, falls within the definition of "soft drink" and is subject to sales tax pursuant to 61 Pa. Code § 31.28 (defining "soft drink" to include "carbonated water"). *Id.*[4] Montgomery appealed the Department's decision to the Board, which affirmed the denial of the refund petitions on a different basis. *Id.*, Exhibit D.  The Board concluded that Perrier is "carbonated water" and, thus, qualifies as a "soft drink" per the definition found in Section 201(a) of the Tax Reform Code, subjecting it to sales tax under Sections 202 and 204.  *See* 72 P.S. §§ 7201(a), 7202, 7204.

---

[2] Sheetz is an intervenor in this matter.  Findings of Fact (F.O.F.), 4/4/2023, No. 3. Except for the footnotes, Sheetz's brief is identical to the Commonwealth's brief, and, thus, the Commonwealth and Sheetz shall be collectively referred to as "Commonwealth" for purposes of this opinion.

[3] The class action was stayed pending the Department's decision on Montgomery's refund requests. Joint Stipulation of Agreed Upon and Disputed Facts (Joint Stipulation) ¶ 11.

[4] The Court notes that 61 Pa. Code § 31.28 discusses the taxation of items from vending machines, which is inapplicable to the instant litigation.

Montgomery petitioned this Court for review and filed the Joint Stipulation pursuant to Pennsylvania Rule of Appellate Procedure 1571(f).[5] The Court held an evidentiary hearing on the disputed facts on January 24, 2023, and issued findings of facts on April 4, 2023. The parties submitted their respective briefs, and the matter is now ready for disposition.[6]

## Issues

Montgomery raises two issues for this Court's consideration:

> 1. Whether Perrier is a mineral water that is excluded from sales tax pursuant to Section 204(25) and (29)(i) of the Tax Reform Code.
>
> 2. Whether Perrier is artificially carbonated and thus subject to sales tax as a "soft drink" pursuant to Section 204(29)(i) of the Tax Reform Code.

Montgomery's Brief at 1-2.

## Relevant Law

We begin with a review of the relevant law. Section 202(a) of the Tax Reform Code imposes a six percent sales tax upon the sale "at retail of tangible personal

---

[5] Rule 1571(f) provides:

> (f) Record. No record shall be certified to the court by the Board of Finance and Revenue. After the filing of the petition for review, the parties shall take appropriate steps to prepare and file a stipulation of such facts as may be agreed to and to identify the issues of fact, if any, which remain to be tried. *See* Pa.R.A.P. 1542 (evidentiary hearing).

Pa.R.A.P. 1571(f).

[6] This Court reviews decisions of the Board *de novo* based on stipulated facts or a record created before this Court. Pa.R.A.P. 1571(h); *Synthes USA HQ, Inc. v. Commonwealth*, 236 A.3d 1190, 1193 n.4 (Pa. Cmwlth. 2020). Here, the record consists of the parties' Joint Stipulation and attached exhibits and this Court's April 4, 2023 Findings of Fact.

property." 72 P.S. § 7202(a). Section 204 of the Code limits sales taxation, in relevant part, as follows:

> The tax imposed by [S]ection 202[, 72 P.S. § 7202,] shall not be imposed upon any of the following:
>
> . . . .
>
> (25) The sale at retail or use of water.
>
> . . . .
>
> (29) The sale at retail or use of food and beverages for human consumption, except that this exclusion shall not apply with respect to--
>
> (i) Soft drinks[.]

72 P.S. § 7204(25), (29)(i). The Code specifically defines the term "soft drinks" as:

> [a]ll nonalcoholic beverages, whether carbonated or not, such as soda water, ginger ale, coca cola, lime cola, pepsi cola, Dr. Pepper, fruit juice when plain or carbonated water, flavoring or syrup is added, *carbonated water*, orangeade, lemonade, root beer or any and all preparations, commonly referred to as "soft drinks . . . ."

72 P.S. § 7201(a) (emphasis added).

The Department issues informal guidance, such as statements of policy, which are published in Title 61 of the Pennsylvania Code.[7] Statements of policy are issued "[f]or the purposes of providing guidelines to the general public and interpreting law or regulations[.]" 61 Pa. Code § 3.2. Relevant to the instant discussion is the Statement of Policy found at 61 Pa. Code § 60.7 (Statement of Policy 60.7), which discusses taxation on the sale and preparation of food and beverages. The definition

---

[7] Statement of Policy 60.7 is part of Chapter 60 of Title 61, titled "Sales and Use Tax Pronouncements-- Statements of Policy." It provides example scenarios to guide consumers in properly taxing the sale and preparation of food and beverages.

of "soft drink" in Statement of Policy 60.7 varies slightly from the definition of "soft drink" found in the Code. It provides that a soft drink is

> [a] nonalcoholic beverage, in either powder or liquid form, whether or not carbonated, such as soda water, ginger ale, colas, root beer, flavored water, *artificially carbonated water*, orangeade, lemonade, juice drinks containing less than 25% by volume of natural fruit or vegetable juices, and similar drinks. The term does not include fruit and vegetable juices containing at least 25% by volume of natural fruit or vegetable juice. The term does not include coffee, coffee substitutes, tea, cocoa and milk or noncarbonated drinks made from milk derivatives.

61 Pa. Code § 60.7(a) (emphasis added).[8] Under the example scenarios set forth in the Statement of Policy, soft drinks are subject to sales tax. 61 Pa. Code § 60.7(b).

The Department also publishes pamphlets and brochures to aide taxpayers in interpreting the Tax Reform Code, including the Retailer's Information Pamphlet (Pamphlet) and Notice of Taxable and Exempt Property (Notice) published in the Pennsylvania Bulletin. *See* Joint Stipulation Exhibits F, G. The Pamphlet and Notice explain to consumers that soft drinks are taxable, while water, "including non[-]flavored mineral water," is not. *Id.*, Exhibit F at 7, 21; Exhibit G at 9 (electronic pagination).

With this legal landscape in mind, the Court turns to the parties' arguments.

## Montgomery's Arguments

Montgomery advances two arguments in support of her petition for review. First, she argues that Perrier is excluded from sales tax under Section 204(25) of the Tax Reform Code because it is natural mineral water. She maintains that the Tax

---

[8] Statement of Policy 60.7's defined terms are preceded by the phrase "[t]he following words and terms, *when used in this section*, have the following meanings, unless the context clearly indicates otherwise." 61 Pa. Code § 60.7 (emphasis added).

Reform Code, the Department's Statement of Policy, and the Department's Pamphlet and Notice are unambiguous that water, including natural mineral water, is not subject to sales tax. She argues, broadly, that "there is no dispute that Perrier is a sparkling natural mineral water." Montgomery's Brief at 6. Citing specifically to the Department's Pamphlet and Notice, she maintains that the Department's informal guidance clarifies that all non-flavored mineral water is exempt from tax and does so without distinguishing between carbonated mineral water and noncarbonated mineral water. In further support, Montgomery asserts that when interpreting tax exclusions such as those found in Section 204 of the Code, it is well settled that the exclusionary provision must be construed against the Commonwealth and in favor of the taxpayer. Interpreting Section 204's water and beverage exclusions in her favor renders Perrier sparkling natural mineral water, not carbonated water and, thus, excludes it from sales tax.

Second, Montgomery argues that Perrier does not qualify for sales tax under Section 204(29)(i) as a "soft drink" because it is not artificially carbonated. Focusing solely on the definition of soft drink found in Statement of Policy 60.7, which includes "*artificially* carbonated water," Montgomery maintains that this Court should conclude Perrier contains natural carbonation. *See* 61 Pa. Code § 60.7; *see also* F.O.F. No. 33 ("[t]he water in the natural springs from which Perrier is collected is naturally carbonated"). Interpreting the Department's guidance to mean that water containing natural carbonation is exempt from tax, she asks this Court to conclude that Perrier is not taxable as a soft drink under Section 204(29)(i) of the Code.[9]

---

[9] In her brief, Montgomery avers that because all carbonated beverages go through a similar carbonating process in a plant setting, to give the term "artificially carbonated water" meaning, it

6

## Commonwealth's Arguments

The Commonwealth responds that Perrier is not exempt from tax as "water" under Section 204(25) and holding as such would render the statutory definition of soft drink superfluous. It maintains that Perrier is "carbonated water" and thus falls squarely within Section 201(a)'s definition of "soft drink" and is subject to sales tax under Section 204(29)(i). By statutory definition, "soft drink" includes "all nonalcoholic beverages, whether carbonated or not, such as soda water . . . *carbonated water* . . . of whatsoever kind." 72 P.S. § 7201(a) (emphasis added). It maintains that the statute does not define the term "carbonated" and, thus, the word shall be construed according to its common and approved meaning. 1 Pa.C.S. § 1903. The term "carbonate" means "to combine or infuse with carbon dioxide." Commonwealth's Brief at 10-11 (citing https://wwww.merriam-webster.com/dictionary/carbonation) (last visited April 22, 2024). Perrier is carbonated water because it is manufactured by combining a specific amount of filtered or scrubbed carbonic gas to still water in an industrial plant setting. *Id.* at 11 (citing F.O.F. Nos. 35, 37, 39). Moreover, this Court found that the process to carbonate Perrier is the same process used to carbonate Coca-Cola and Pepsi. *Id.* (citing F.O.F. No. 40). For these reasons, the Commonwealth submits that Perrier, a type of carbonated water, qualifies as a soft drink pursuant to the plain language of the Code.

Additionally, the Commonwealth claims that Section 204 of the Tax Reform Code sets forth *exemptions* to sales tax, not exclusions, and, thus, its application must

---

can only refer to the source of carbonation. *See* Statement of Policy 60.7, 61 Pa. Code § 60.7. In the case of Perrier, carbonic gas and water are "collected from natural springs," sourced together, but then separated so the water may be filtered, cleaned, and purified without the carbonic gas and then combined again for the final product of Perrier. F.O.F. No. 35. Thus, she asks this Court to conclude that Perrier falls outside the definition of soft drink.

be strictly construed against the taxpayer. *See Plum Borough Sch. Dist. v. Commonwealth*, 860 A.2d 1155, 1157 (Pa. Cmwlth. 2004), *aff'd*, 891 A.2d 726 (Pa. 2006). As a result, this Court must interpret the water and beverage exemptions narrowly and may not extend either to exempt carbonated water from sales tax.[10]

Finally, the Commonwealth avers that because Montgomery lacks any statutory support for her argument, she improperly relies on the Department's informal guidance, such as Statement of Policy 60.7, the Pamphlet, and the Notice. However, none of these sources support a finding that Perrier is exempt from tax. While Montgomery advances an argument that artificially carbonated water and naturally carbonated water are taxed differently, such an argument is wholly unfounded. Montgomery relies exclusively on the definition of "soft drink" found in Statement of Policy 60.7 and fails to acknowledge that the statutory language contained in Section 201(a) of the Code makes no qualifications for naturally or artificially carbonated water. Instead, the Code simply provides that "carbonated water," whether naturally or artificially carbonated, is subject to sales tax. The Code's plain and clear language is dispositive, as statements of policy do not function to provide comprehensive statements of the law or create new exemptions not contemplated by statute. Thus, even if this Court concludes that Perrier is "naturally carbonated water," it is still not exempt under the plain language of the Tax Reform Code.

---

[10] The Commonwealth also advances various other statutory interpretation arguments, averring that there is a clear legislative intent to tax drinks that are not vital for human life, like Perrier, and that if Perrier is exempt as water, the inclusion of "carbonated water" in Section 201(a)'s definition of soft drinks is mere surplusage. Commonwealth's Brief at 13.

8

**Discussion**

The issues raised before this Court bubble down to one question: is Perrier "water" and, thus, exempt from sales tax under Section 204(25) of the Code, or "carbonated water" and, thus, taxable under Section 204(29)(i). "Whether a particular product fits within a particular category of products excluded from taxation is a matter of law[.]" *O'Boyle's Ice Cream Island, Inc. v. Commonwealth*, 553 A.2d 1033, 1034 (Pa. Cmwlth. 1989). At the outset, the Court addresses the parties' disagreement concerning whether Section 204 of the Code sets forth exclusions from tax or exemptions from tax. Our Supreme Court has explained:

> Whether a tax provision is considered an "exemption" or an "exclusion" is not controlled by how it is characterized, but by its language and the effect of that language. Section 204 of the Tax Code is derived from and supplants the former Section 3403–203 of what was known as the Selective Sales and Use Tax Act of March 6, 1956, P.L. (1955–56) 1228, *as amended* 72 P.S. 3403–203 (Tax Act). Like 204, 203 of the predecessor Tax Act was entitled "Exclusions to tax"; the "exclusions," however, were generally interpreted as "exemptions" from taxation for items that would otherwise be considered "tangible personal property." Courts have continually interpreted the modern 204 as containing exemptions, not exclusions.

*Crawford Cent. Sch. Dist. v. Commonwealth*, 888 A.2d 616 (Pa. 2005) (internal citations and quotations omitted). Despite its title, Section 204 of the Tax Reform Code sets forth exemptions to tax, not exclusions, and, thus, must be strictly construed against the taxpayer. *Id.*; *see also Plum Borough Sch. Dist.*, 860 A.2d at 1157.

With this in mind, we turn to the parties' arguments We agree with Montgomery that Section 204(25) unambiguously exempts the sale at retail of water from sales tax. However, the Court cannot agree with Montgomery that as a matter

9

of law, Perrier qualifies as water. The record in this case consists of, *inter alia*, the Court's findings of fact that were issued following an evidentiary hearing. The hearing largely focused on the process required to create Perrier. To that end, this Court found the following facts:

31. Perrier is sourced from non-flavored mineral water.

32. Perrier comes from underground natural springs located near the village of Vergeze, in Provence, France.

33. The water in the natural springs from which Perrier is collected is naturally carbonated.

34. The carbonic gas and water in Perrier are independently harvested from different depths within the same geologic formation.

35. The carbonic gas and water in Perrier, which are collected from natural springs, are combined at the bottling plant.

36. Prior to combination, the water in Perrier is chilled, all of the air is removed (deaeration,) and any carbonation is stripped out.

37. Prior to carbonation, filters or scrubbers are used to remove natural elements and impurities in the carbonic gas and to ensure a consistent carbonation level.

38. Similarly, prior to combination, impurities are removed from the water.

39. The water then goes through one of two processes – either a carbonated tank or an in-line carbonation process – where the carbonic gas is added to the water and the carbonation levels are adjusted to reach the desired amount for the product.

40. The processes used are the same used as those for making soft drinks like Coca-Cola and Pepsi. There is no alternative process for carbonating beverages.

41. Following these processes, the product is bottled for sale.

F.O.F. Nos. 31-41.

While Montgomery relies heavily on Finding of Fact 31, which states "Perrier is sourced from non-flavored mineral water," her argument fails to account for the remaining factual findings that detail the process used to create Perrier, which includes stripping the water of its natural carbonation and thereafter combining water and carbonation in the same way soft drinks such as Coca-Cola and Pepsi are made. F.O.F. Nos. 36-41. These findings make clear that at the time a consumer purchases a bottle of Perrier, the non-flavored mineral water has carbonation. A holding that a mineral water with carbonation is not "carbonated water" (as counsel suggested during oral argument) flies directly in the face of the plain language of the Code, which treats "water" and "carbonated water" differently for sales tax purposes. Accordingly, the Court concludes that Perrier constitutes "carbonated water" as a matter of law and is subject to sales tax pursuant to Section 204(29)(i) of the Code as it falls within the definition of "soft drink."

The Court also rejects Montgomery's argument that only "artificially carbonated water" may be taxed as a soft drink. The definition of soft drink contained in Section 201(a) of the Code does not contain any "natural" or "artificial" qualifications, and Montgomery's reliance on the definition of soft drink used in Statement of Policy 60.7 does not hold water in the face of the clear and unambiguous statutory language. *See* 61 Pa. Code § 60.7. While Montgomery may argue that it is unclear and there is an ambiguity as to the definition of "carbonated water" created by the Code and the Statement of Policy as it applies to Perrier, the Court disagrees. It is well settled that to the extent a definition section in a statement of policy can be read as in conflict with statutory language, the statutory language prevails. *See Hommrich v. Pa. Pub. Utils. Comm'n*, 231 A.3d 1027, 1035 (Pa.

11

Cmwlth. 2020) ("When an agency adopts regulations at variance with the statute, the regulations, and not the statute, fall by the wayside."). Indeed, whether the carbonation in Perrier is natural or artificial is inconsequential to the instant disposition.[11] For purposes of the Tax Reform Code Perrier is "carbonated water" and subject to tax.

## Conclusion

For the reasons articulated above, the Court concludes that Perrier is "carbonated water" and thus subject to sales taxation as a "soft drink" pursuant to Sections 201(a), 202(a), and 204(29)(i) of the Tax Reform Code. The Board's decision is affirmed.

_____
MATTHEW S. WOLF, Judge

Judge Wallace concurs in result only.

---

[11] Concluding that the statutory language is unambiguous, the Court need not address the Commonwealth's remaining statutory interpretation arguments. *See* 1 Pa.C.S. § 1921(c) (it is only when the words of a statute "are not explicit" that a court may resort to other considerations, such as the statute's perceived "purpose" in order to ascertain the legislative intent).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jennifer Montgomery,          :
         Petitioner      :
                               :
     v.                   :   No. 336 F.R. 2020
                               :
Commonwealth of Pennsylvania,  :
        Respondent   :

# **O R D E R**

AND NOW, this 23rd day of April, 2024, the order of the Board of Finance and Review entered May 20, 2020, is AFFIRMED. This Order will become final unless exceptions are filed within 30 days after the entry of this Order, pursuant to Pa.R.A.P. 1571(i).

_____
MATTHEW S. WOLF, Judge