J-S02005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR SASCO MORTGAGE LOAN TRUST, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT J. HARLOW, JR., | |
| Appellant | No. 889 EDA 2015 |

Appeal from the Judgment Entered March 6, 2015
In the Court of Common Pleas of Bucks County
Civil Division at No(s): 2012-05195

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                         **FILED APRIL 12, 2016**

Albert J. Harlow, Jr. ("Appellant") appeals from the March 6, 2015 *in rem* judgment entered in favor of Appellee, U.S. Bank, N.A. ("U.S. Bank"), pursuant to the trial court's order granting U.S. Bank's motion for summary judgment in its action for mortgage foreclosure.  We affirm.

The trial court summarized the procedural and factual history as follows:

> On May 10, 2006, [Appellant] mortgaged the subject property located at 515 Summit Lane, Riegelsville, Pennsylvania 18077-9732 to Mortgage Electronic Registration Systems ("MERS"), incorporated as a nominee for Americap Financial Inc., and concurrently executed a promissory note in favor of Americap Financial Inc.  MERS originally assigned the mortgage to US Bank National Association, as Trustee for SASCO Mortgage Loan Trust 2006-WF3 ("US Bank") on September 9, 2009, and a corrective assignment was recorded April 20, 2012.

On June 7, 2012, US Bank commenced this action by filing a Complaint in Mortgage Foreclosure with this Court. US Bank alleged that the mortgage was in default because monthly payments of principal and interest upon the mortgage due June 1, 2009[,] and each month thereafter were due and unpaid. *Complaint* ¶ 5. Based upon the terms of the mortgage, US Bank asserted the entire principal balance and all interest due were collectible. *Complaint* ¶ 5. US Bank further alleged that $636,097.44 was due on the mortgage as of May 23, 2012. *Complaint* ¶ 6.

[Appellant] filed Preliminary Objections to the Complaint, which were overruled by Order of this Court on October 2012. [Appellant] then filed an Answer with New Matter on November 9, 2012. US Bank replied to [Appellant's] New Matter, and then filed a Motion for Summary Judgment on September 11, 2014. [Appellant] filed a response in opposition to US Bank's Motion for Summary Judgment, and each party subsequently filed supplemental briefs. Eventually, this Court granted US Bank's Motion for Summary Judgment on March 6, 2015. This appeal timely followed.

Trial Court Opinion, 5/29/15, at 1–2.

Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal filed with the trial court included eleven assertions of error. The trial court condensed the issues to three: (1) whether the trial court erred by granting summary judgment in favor of U.S. Bank; (2) whether U.S. Bank had standing to prosecute this action as the real party in interest; and (3) whether the verification attached to the mortgage foreclosure complaint was defective. Trial Court Opinion, 5/29/15, at 3–4.

The trial court first concluded that its award of summary judgment to U.S. Bank was appropriate because Appellant "admitted to defaulting on the mortgage and admitted the amount owed under the mortgage." Trial Court Opinion, 5/29/15, at 5. ***See First Wisconsin Trust Company v.***

*Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995) (holding that summary judgment is appropriate in foreclosure actions when mortgagor admits that he is delinquent in mortgage payments). The trial court next explained that because U.S. Bank established that it was assigned the mortgage from MERS for consideration and was in possession of the promissory note, U.S. Bank "as assignee, became the only entity with standing to prosecute" the mortgage foreclosure action and "is the real party in interest." *Id*. at 8, 10. Finally, the trial court determined that Appellant waived his claim that the verification attached to the complaint was defective because Appellant failed to raise the issue before the trial court in any of its pleadings. *Id*. at 10. *See* Pa. R.A.P. 302(a) (issues not raised in the lower court cannot be raised for the first time on appeal).

In his appellate brief, Appellant reduces his claims of error to one discrete issue: "Did the trial court commit an error of law in granting foreclosing lender's Motion for Summary Judgment when there existed an issue of fact as to whether foreclosing lender was the 'real party in interest' by virtue of the loan being held by Plaintiff-Trust?" Appellant's Brief at 9.[1]

_____

[1] Issues raised in Appellant's 1925(b) statement, but not included in his appellate brief's recital of statement of questions involved, are waived. *See Koller Concrete Inc. v. Tube City IMS, LLC*, 115 A. 3d 312, 320 n.9 (Pa. Super. 2015) (noting that issue not explicitly raised in appellant's statement of the questions involved is waived) (citation omitted); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

Our standard of review is well settled:

> We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report[.]" Pa.R.C.P. No. 1035.2(1). In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact. Pa.R.C.P. No. 1035.3.

**Bank of America, N.A. v. Gibson**, 102 A.3d 462, 464 (Pa. Super. 2014) (some internal citations omitted).

Appellant concedes that the trial court properly concluded that Appellant admitted his mortgage default. However, Appellant contends that there exists an issue of fact as to whether the subject loan was actually held by U.S. Bank; thus he disputes U.S. Bank's standing to litigate the mortgage foreclosure action. In essence, Appellant's claim is that the chain of assignment of the mortgage and the note to U.S. Bank, as Trustee for SASCO Mortgage Loan Trust 2006-WF3, is defective and does not establish U.S. Bank as the real party in interest.

The holder of a mortgage has the right, upon default, to initiate a foreclosure action. **Bank of America, N.A.**, 102 A.3d at 464. Additionally, the mortgage holder "is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." **Id**.

- 4 -

at 465. The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *J.P. Morgan Chase, NA v. Murray*, 63 A.3d 1258, 1267–1268 & n.6 (Pa. Super. 2013).

In this matter, the trial court determined that U.S. Bank was the real party in interest based upon the following rationale:

> Upon its purchase of the Note and Mortgage, US Bank, as assignee, became the only entity with standing to prosecute this action.
>
> An assignment is a transfer of property or a right from one person to another; unless qualified, it extinguishes the assignor's right to performance by the obligor and transfers that right to the assignee. *Legal Capital, LLC. v. Med. Prof'l Liab. Catastrophe Loss Fund*, 750 A.2d 299, 302 (Pa. 2000). Under the law of assignment, the assignee succeeds to no greater rights than those possessed by the assignor. *Employers Ins. of Wausau v. Com., Dep't of Transp.*, 865 A.2d 825, 830-31 (Pa. 2005). An assignee's rights, however, are not inferior to those of the assignor. *U.S. Steel Homes Credit Corp. v. South Shore Dev. Corp.*, 419 A.2d 785, 789 (Pa. Super. Ct. 1980). Ultimately, an assignee stands in the shoes of the assignor. *Crawford Cent. School Dist. v. Com.*, 888 A.2d 616, 620 (Pa. 2005).
>
> Thus, upon assignment of the mortgage by MERS to US Bank, US Bank became the legal owner of the mortgage and had the right to institute foreclosure proceedings against [Appellant] as a result of his failure to make timely payments in accordance with the terms of the mortgage. *See Cunningham*, 714 A.2d at 1056-57. Further, US Bank is the real party in interest and has standing to prosecute this action as the holder of the Note executed by [Appellant].
>
> A promissory note accompanied by a mortgage is a negotiable instrument governed by Pennsylvania's Uniform Commercial Code. *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 1265 (Pa. Super. Ct. 2013). Under the UCC, a "[p]erson entitled to enforce" an instrument means "the holder of the instrument." 13 Pa.C.S.A. § 3301(1). A "holder" is

defined as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." 13 Pa.C.S.A. § 1201(b)(21)(i). A "bearer" is defined as "[a] person in control of a negotiable electronic document of title or a person in possession of a negotiable instrument, negotiable tangible document of title or certificated security, that is payable to bearer or indorsed in blank." 13 Pa.C.S.A. § 1201(b)(5). The UCC further states, "[i]f an [i]ndorsement is made by the holder of the instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S.A. § 3205(b).

The Note in this case therefore meets of the requirements of negotiable instrument under the Pennsylvania UCC. Since US Bank is a holder in possession of the original bearer instrument executed by [Appellant], and received a valid assignment from MERS, it follows that US Bank may enforce the loan. US Bank therefore has standing to prosecute this action and is the real party in interest.

Trial Court Opinion, 5/29/15, at 8–10.

Earlier in this litigation, Appellant criticized the trial court's findings that U.S. Bank established that it was assigned the subject mortgage from MERS and that it possessed the promissory note. In this appeal, however, Appellant limits his contest of U.S. Bank's standing to the factual question of whether Appellant's particular loan was assigned to U.S. Bank. Appellant's Brief at 15.[2]

---

[2] In any event, the record evidence produced by U.S. Bank in support of its motion for summary judgment demonstrated that it was the holder of the mortgage. Specifically, U.S. Bank alleged in its complaint that "By Assignment of Mortgage recorded 09/29/2009, the mortgage was assigned to [U.S Bank], which assignment is recorded in Assignment of Mortgage

*(Footnote Continued Next Page)*

Appellant submits that his loan was part of a trust established by Lehman Brothers, Inc. Holdings.[3] Citing to certain provisions of the trust, Appellant claims, alternatively, (1) that his non-performing loan could not have been included in the trust; (2) if included, the conveyance of his loan to the trust was void; and (3) there is an issue of fact regarding whether Appellant's loan was actually assigned to U.S. Bank through the trust. Appellant's Brief at 14–15.

Appellant's arguments that his loan could not have been part of the trust and that the conveyance of his loan to the trust was void are not

_(Footnote Continued)_ _____

Book 6233, Page 1111. [U. S. Bank] is now the legal owner of the mortgage . . . ." Complaint, 6/7/12, at ¶ 3. U.S. Bank also produced copies of the original recorded mortgage and the recorded assignment by MERS to the bank. Plaintiff's Motion for Summary Judgment, 9/11/14, at Exhibits A and A2. Accordingly, the uncontroverted evidence of record demonstrates that U.S. Bank properly held the mortgage by way of assignment from MERS. **See CitiMortgage, Inc. v. Barbezat**, ___ A.3d. ___, ___, 2016 PA Super 7, *3 (Pa. Super. 2016) (filed January 7, 2016) ("Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights.") (citing **Smith v. Cumberland Group, Ltd.**, 687 A.2d 1167, 1172 (Pa. Super. 1997)).

[3] In his brief filed in opposition to U.S. Bank's motion for summary judgment, Appellant asserted that his mortgage was part of the Lehman Brothers, Inc. trust, as evidenced by "Exhibit E" attached thereto. Memorandum of Law in Support of Defendant's Response to Plaintiff's Motion for Summary Judgment, 11/12/14, at unnumbered 15. Appellant also cites to this document in his appellate brief in support of his contrary factual assertion that his loan was not part of this trust. Appellant's Brief at 14. While not critical to our decision today, we are hesitant to accept Appellant's characterization of Exhibit E as depicting the actual document creating the trust. In fact, the document identifies itself as a "free writing prospectus" and classifies the information contained therein as "preliminary and is subject to completion or change." **Id**. at Exhibit E, 1-401.

cognizable because Appellant does not have standing to mount a challenge to the validity of the assignment. In *JP Morgan Chase Bank, N.A.*, this Court found that a note secured by a mortgage is a negotiable instrument, as that term is defined by the Pennsylvania Uniform Commercial Code ("PUCC"). *Id*. at 1265. "Pursuant to the PUCC, a debtor who satisfies his obligations under a negotiable instrument cannot be required to do so again, even if the recipient of the debtor's performance is not the holder of the note in question." *Id*. at 1263 (citing 13 Pa.C.S. § 3602(a)). Because a borrower is not in peril of double liability—*i.e.*, if the assignment to the foreclosing party was defective, the borrower would not have to pay on the note to another party or—the borrower is not injured by an allegedly defective assignment. Thus, the Court found that a borrower lacks standing to challenge the validity of the assignment. *Id*. at 1266; *see also In re Walker*, 466 B.R. 271, 285–286 (Bankr. E.D.Pa. 2012) ("If a borrower cannot demonstrate potential injury from the enforcement of the note and mortgage by a party acting under a defective assignment, the borrower lacks standing to raise the issue.") (citation omitted).

In an apparent attempt to distinguish his position from this unfavorable legal precedent, Appellant purports that his challenge is not to what he now refers to as the trust's "Pooling and Servicing Agreement" itself, but rather to U.S. Bank's compliance with the agreement. Appellant's Brief at 15. We reject this argument as semantical in that the question of

U.S. Bank's compliance with the agreement equates to a challenge to the validity of the assignment.

We thus turn to Appellant's remaining assertion that there exists a viable factual question of whether his loan is part of the trust. Specifically, Appellant asserts that U.S. Bank's loan schedules do not list Appellant's loan number among those assigned to the trust. This claim does not warrant relief.

On November 26, 2014, Appellant filed a supplementary pleading alleging, for the first time, that information recovered from the "Wells Fargo CTSLink" website raises an issue of fact regarding U.S. Bank's real party in interest status. Defendant's Answer and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, 11/26/14, at unnumbered 1. According to Appellant:

> The website publishes, inter alia, schedules of "Foreclosure Loan Detail – All Mortgage Loans in Foreclosure during Current Period" ("Wells Fargo Loan Schedules"). See Exhibit "K", ppgs. 22-25. The aforesaid loans are identified, inter alia, by loan number, month loan entered, first payment date, state, original principal balance, current actual Balance, paid to date, months delinquent, etc.
>
> According to [U.S. Bank's] Exhibit "C" of its Motion for Summary Judgment, as well as invoices received by [Appellant] from Wells Fargo, the loan number for [Appellant's] account is identified as [loan number omitted]. Exhibits "L" and "M" attached hereto.
>
> According to Wells Fargo Loan Schedules, there are no loans listed that match [Appellant's] loan. . . . Based upon the aforesaid information, [U.S. Bank] is not the owner of [Appellant's] loan and should be estopped from claiming this account belongs to [U.S. Bank]. This information creates serious

doubt as to whether or not [U.S. Bank] is the Real Party in interest, which if it is not, would deprive this Court of subject matter jurisdiction over this case.

*Id*. at unnumbered 1–2.

In our view, the information gleaned from the Wells Fargo website does not have any evidentiary value. Preliminarily, there is no way to determine if the account numbers listed on the Wells Fargo Loan Schedules correlate to the account number identified in Appellant's loan history or referenced on certain Wells Fargo invoices issued to Appellant (Defendant's Answer and Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, 11/26/14, at Exhibits L and M. To punctuate this point, we observe that the account number that Appellant describes as reflecting his loan differs from the loan number assigned to Appellant's mortgage. **See** Plaintiff's Reply to Defendant's New Matter, 11/30/12, at Exhibit A.

Additionally, the record does not demonstrate that Appellant complied with Pennsylvania Rule of Evidence 901 regarding authentication of the Wells Fargo Loan Schedules. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Pa.R.E. 901(a); **Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.**, 77 A.3d 1, 12 (Pa. Super. 2013) (stating that "for a document to be admissible into evidence at trial, it must first be

authenticated by 'evidence sufficient to support a finding that the item is what the proponent claims it is.'" (quotation omitted)). Here, Appellant merely appended pages from a website as exhibits to his supplemental pleading, without propounding any proof, direct or circumstantial, that the information contained therein accurately reflected whether Appellant's loan was part of the subject trust. Absent the required authentication, Appellant's argument that the data from the website raises a question of fact precluding summary judgment is not sustainable.

Finally, there is no indication in the record that Appellant requested the trial judge to take judicial notice of the documents obtained from the Wells Fargo website. Nor did the trial court reference the documents in its Pa.R.A.P. 1925(a) opinion. Although Appellant likewise did not request this Court to take judicial notice of the website documents, we are restrained from doing so. *See In the Matter of J.C.*, 5 A.3d 284, 289 (Pa. Super. 2010) (Superior Court "will not take judicial notice of evidence of which the trial court was not requested to take judicial notice.") (quotation omitted)). Therefore, Appellant has not produced any reliable evidence that there is a question of fact regarding U.S. Bank's standing to prosecute this foreclosure action.

Based on the foregoing, we conclude Appellant's issue lacks merit and the trial court did not abuse its discretion or err as a matter of law in

awarding summary judgment in favor of U.S. Bank. Accordingly, we affirm the trial court's March 6, 2015 judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016